JOHN EHDIN

*v.*

FRANCIS T. MURPHY *et al.*

*Opinion filed December 22, 1897.*

1. MECHANICS' LIENS—*when statement of account filed with clerk is not sufficient to create lien.* Where a contract for brick and stone work fixes one price for common brick, another for pressed brick, a price per cord for stone work and a rate per foot for cut stone, a statement of account filed with the circuit clerk which merely gives the balance due under the contract, without specifying the amounts of the different materials furnished and the sum due for each, is not a sufficient compliance with section 4 of the Mechanic's Lien act (Laws of 1887, p. 219,) to entitle the contractor to a lien.

2. SAME—*when statement of times when material and labor were furnished is sufficiently specific.* Where a contract for erecting a building is entire, a statement of account which gives the times at which materials and labor were furnished as covering a period from the date of the contract to its completion is sufficiently specific, under section 4 of the Mechanic's Lien law of 1887.

3. SAME—*clerk's docket of claims for liens does not take the place of the claim itself.* The docket in which the circuit clerk is required to keep a record of claims for mechanics' liens filed with him is intended only as a convenient reference to the claim, and does not take the place of the claim itself as notice to the public.

*Ehdin* v. *Murphy*, 69 Ill. App. 555, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

JOHN E. ANDERSON, for plaintiff in error.

LINDEN & DEMPSEY, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On December 28, 1892, Annella Rood, who was the owner of certain premises in Chicago, entered into a contract, through Francis D. Rood, her husband and agent,

with plaintiff in error and John Anderson, who were then partners, to lay the brick and stone work in a five-story brick building which she was about to erect upon said premises. The contract was in the form of a written proposition and acceptance, as follows:

"CHICAGO, ILL., *Dec. 28.*

"I agree to lay all common brick in the building to be erected by F. D. Rood at Forty-sixth street and Woodlawn avenue, according to the plans of F. J. Norton, for $5.50 per thousand, kiln counted, the walls to be continuous on the two sides of the building. If air courts of wood are built in the sides then I am to have $6 per thousand. I will lay all stone foundation for $7 per cord, quarry measure, and also set all cut stone in front at fifteen cents per foot, all openings to be counted out. If pressed brick are laid on side walls for twenty feet, more or less, at the front, I am to have $18 per M for laying the same, and will furnish the color for the laying. Payments to be made every two weeks as work progresses. I furthermore agree to complete the mason work on said building within thirty working days.

Accepted: F. D. ROOD." JOHN ANDERSON & EHDIN.

On January 2, 1893, the partnership was dissolved and the contract assigned by the retiring partner, Anderson, to plaintiff in error. After the completion of the contract plaintiff in error filed his claim for a lien, June 19, 1893, with the clerk of the circuit court, as follows:

"John Ehdin, being first duly sworn, on oath says that he is the claimant herein, and that the attached exhibit A is a just and true statement of the account due him from the said Annella Rood and F. D. Rood for labor furnished said Annella Rood and F. D. Rood at the times in said statement mentioned, which various amounts are due and payable to him from and after the respective dates thereof; and affiant says that the labor in said statement mentioned was used in the construction and building and improvement of a brick and stone building situate upon the following described premises in the county of Cook and State of Illinois, to-wit: Lot 27 and the south half of lot 28 of H. J. Furber's subdivision of lots 7 and 8 of Lyman's subdivision; also 1 and 6 of Waite's subdivision, lots 4 to 10 of subdivision of lots 7 and 8, Lyman's subdivision south-east fractional quarters of section 2, township 38, range 14, in the city of Chicago. And affiant says that there is now due and owing

to said John Ehdin from said Annella Rood and F. D. Rood, at whose request said labor was furnished as aforesaid, after allowing him all just credits, deductions and set-offs, the sum of $1662.29, for which amount said John Ehdin claims a lien upon the above described premises.　　　JOHN EHDIN.

"Subscribed and sworn to before me this 19th day of June, A. D. 1893.　　　　　　S. H. HERBESON, *Notary Public.*"
　　[Seal.]

"Exhibit 'A.'

"*Annella Rood and F. D. Rood, to*
　　　　*John Ehdin, successor to Anderson & Ehdin, Dr.*

"To building and construction brick work, setting stone
　　front, sills, etc., as per contract dated December 28,
　　1892, which said work was performed from said De-
　　cember 28, 1892, up and to the 2d day of June, 1893,
　　upon the premises belonging to said Annella Rood
　　and F. D. Rood, at Woodlawn avenue and Forty-
　　sixth street, in the city of Chicago, more particu-
　　larly described in claimant's affidavit herein....... $5770.85
Credits............. ........................... ...... 4108.56
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　———————
　　　　Balance due.................................... $1662.29"

Defendants in error are purchasers of the premises, and in a proceeding to enforce mechanics' liens against the property the issue as to the lien claimed by the plaintiff in error was referred to a master in chancery, who heard the evidence and reported in his favor. Defendants in error filed exceptions to the master's report, which were sustained by the court, and a decree was entered finding that plaintiff in error was not entitled to any lien. He sued out a writ of error from the Appellate Court for the First District, and in that court the decree of the circuit court was affirmed.

By section 4 of the law relating to mechanics' liens, as amended in 1887, the creditor or contractor was required to file with the clerk of the circuit court "a just and true statement or account or demand due him after allowing all credits, setting forth the times when such material was furnished or labor performed," and such statement was a prerequisite to bringing a suit to en-

force the lien. So far as the times when the material was furnished or labor performed are concerned the contract was an entire one for all the brick and stone work of the building, and the statement gave the period during which such entire contract was performed. It was sufficient in that respect. *Hayes* v. *Hammond,* 162 Ill. 133; *Moore* v. *Parish,* 163 id. 93; *Grace* v. *Oakland Building Ass.* 166 id. 637.

But the contract in this case did not fix a specific sum or price for the whole work, as was the case in *Moore* v. *Parish, supra,* but fixed one price per thousand for common brick and a different one for pressed brick, a price per cord for stone foundation, and a rate per foot for cut stone. It therefore necessitated an account of the brick of each kind and the stone which were laid in the building, and was like the contract in *Grace* v. *Oakland Building Ass. supra,* in which the items of material were set out in full in the statement. There were therefore items to be set down of the amount of brick and stone to be charged for at the prices agreed upon in the contract, like any other account for lumber or other materials furnished where only the price is agreed upon and the amount due is to be determined by the amount furnished. A plaintiff could not recover on such a contract without proof of the amount of each kind of brick and stone, and the statement of the balance due filed in this case was neither the account of plaintiff in error against the Roods nor a statement of it as required by law. The claim that the statute gave the privilege in the alternative to claimant to file a "statement or account or demand" will not avail in this case, because the demand consisted of an account, and a statement of the claim would be a statement of an account.

It is argued that the docket required to be kept by the clerk, which states only the amount due, is the notice intended by the law to creditors and purchasers, and where the docket contains, as it did in this case, the particulars required to be entered on it, nothing further is necessary. This claim was disposed of in *McDonald* v. *Rosengarten,* 134

Ill. 126, where it was held that the only purpose of the docket is to furnish a convenient and ample reference to the claim, and that it does not take the place of the claim itself as notice to the public. A docket containing all that the statute required would not be a sufficient notice of the claim in this case.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*