## Roland A. Crandall v. Thomas R. Lyon and John W. Gary.

1. Mechanic's Lien—*Good and Sufficient Notice Necessary.*—Without a good and sufficient notice filed with the clerk of the Circuit Court in compliance with the provisions of the statute at the time in force, no claim for a mechanic's lien can be sustained. The enforcement of such a lien does not depend upon the equity of the claim, but upon strict compliance with the provisions of the statute.

Mechanic's Lien.—Appeal from the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 17, 1900.

ALBERT N. & EDW. P. EASTMAN, attorneys for appellant.

W. W. GURLEY and WM. GARNETT, JR., attorneys for appellees.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

The proposition now ·before this court in this case is whether the appellant is entitled to a mechanic's lien. The only question which it is deemed necessary to consider is that of the sufficiency of the notice filed with the clerk of the Circuit Court. That notice, except the affidavit, and to which no objection is made, is as follows, viz.:

" STATE OF ILLINOIS, }
  County of Cook,    } ss.

IN THE CIRCUIT COURT OF COOK COUNTY.

Statement of Account, due Roland A. Crandall from Effie D. Shuman and Alexander F. Shuman, for which a mechanic's lien is claimed by the said Roland A. Crandall:

Effie D. Shuman and Alexander F. Shuman
              To ROLAND A. CRANDALL, Dr.

| | |
|---|---|
| April 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 1893. | For labor and material on the building known as The " Colonies Hotel," as follows: |
| May 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 1893. | For painting, glazing, calcimining, varnishing and papering ............$3,254 50 |
| June 3, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 19, 21, 22, 23, 24, 26, 1893. | |
| July 14, 15, 17, 18, 19, 20, 1893. | |

Said materials and labor above set forth were furnished at the times in said statement mentioned, and the price became due and payable upon the completion of the work, on the 20th day of July, 1893; that the first of said labor and material aforesaid was commenced to be and was furnished on the 10th day of April, 1893, and the last of the same was furnished upon the 20th day of July, 1893;

and all of the same was used upon and in the construction and improvement of the building known as the " Colonies Hotel," standing and situated upon lot twenty-three (23) block one (1), Illinois Central subdivision of the west part of the southwest 14.09 acres in the southwest fractional quarter of section twelve (12), and of the west part of the northwest 17.93 acres in the northwest fractional quarter of section thirteen (13), township thirty-eight (38) north, range fourteen (14) east of the third principal meridian, in Cook county, Illinois, further known · and described as numbers 129 and 131 Fifty-sixth street, in the city of Chicago, Cook county, Illinois; and that there is now due and owing the said Roland A. Crandall from the said Effie D. Shuman and Alexander F. Shuman, after allowing to them all just credits, deductions and set-offs, the sum of three thousand two hundred and fifty-four and 50-100 dollars ($3,254.50), for which said Roland A. Crandall claims a mechanic's lien upon the aforesaid premises.

ROLAND A. CRANDALL."

As we understand the opinion in Ehdin v. Murphy, 170 Ill. 399, that case is conclusive as to the sufficiency of said notice.   In the Ehdin case, by a contract in writing, Ehdin was bound to furnish the common brick at a fixed price per thousand; to lay stone foundation at a fixed price per cord; to set cut stone at a price named per foot; and furnish pressed brick, if used, at a designated price per thousand. The notice filed contained but one debit item which was for "Building and construction brick work, setting stone front, sills, etc., as per contract, dated December 28, 1892, which said work was performed from said December, 28, 1892 up and to the second day of June, 1893 (upon premises described), $5,770.85."   The Supreme Court held that as to the times when the material was furnished or labor performed that statement was sufficient.   We shall, for the purpose of this opinion, consider that, in respect to times, the notice of appellant is sufficient.

The court in further considering the Ehdin case (p. 402), says :

" But the contract in this case did not fix a specific sum or price for the whole work, as was the case in Moore v. Parish, *supra* (163 Ill. 93), but fixed one price per thousand

for common brick and a different one for pressed brick; a price per cord for stone foundation, and a rate per foot for cut stone. It therefore necessitated an account of the brick of each kind and the stone which were laid in the building, and was like the contract in Grace v. Oakland Building Ass'n, *supra* (166 Ill. 637), in which the items of material were set out in full in the statement. There were, therefore, items to be set down of the amount of brick and stone to be charged for at the prices agreed upon in the contract, like any other account for lumber or other materials furnished, where only the price is agreed upon and the amount due is to be determined by the amount furnished. A plaintiff could not recover on such a contract without proof of the amount of each kind of brick and stone, and the statement of the balance due filed in this case was neither the account of plaintiff in error against the Roods, nor a statement of it as required by law. The claim that the statute gave the privilege in the alternative to claimant to file a 'statement of account or demand' will not avail in this case, because the demand consisted of an account and a statement of the claim would be a statement of an account."

There was no contract in writing under which the appellant claims. He states the conversation with the owner as to labor and material as follows:

"I had a previous contract to this  *  *  *  in writing *  *  * for this particular property.  *  *  * At the time I made the original contract he asked me to give him an approximate idea as to the cost of decorating the building. This I did. He told me to follow it in with the other work, and do it by the job.  *  *  * The written contract has been settled and paid.  *  *  * I gave him the price per roll for the paper, and price of hanging, and the price per hour for time."

Assume, as contended, that this constituted a contract, and assume also, that it was an entire contract, still that does not remedy the defect in appellant's said notice.

Tested by the rule laid down in the Ehdin case, quoted above, the notice of appellant is fatally defective. Without a good and sufficient notice filed with the clerk of the Circuit Court in compliance with the provisions of the statute at the time in force, no claim for a mechanic's lien can be sustained. The enforcement of such a lien does not depend

upon the equity of the claim, but upon strict compliance with the provisions of the statute.

As against the appellees the decree of the court below must be affirmed.