ROLAND A. CRANDALL

*v.*

THOMAS R. LYON *et al.*

*Opinion filed December 20, 1900.*

1. MECHANICS' LIENS—*what essential to statement of claim for lien on account.* When it is sought to enforce a mechanic's lien for the total price of different items of labor and material furnished at different times on account, the statement required by section 4 of the Mechanic's Lien law of 1887 to be filed with the clerk must contain, in detail, each item of labor or material, showing the kind and amount of work done and material furnished, together with the amount and date of each charge.

2. SAME—*statement must show that each item of account may be secured by lien.* In order that a mechanic's lien may be enforced upon an

account, it·must affirmatively appear from the face of the state-
ment or claim for lien filed with the clerk that each item of the
account is of the character for which the statute grants a lien,
and that in point of time a lien may be claimed thereon.

3. SAME—*statutory conditions precedent to right to lien must be com-
plied with.* One seeking to enforce a mechanic's lien must aver in
his petition and prove on the hearing that he has complied with
the statutory conditions precedent to his right to enforce such lien.

*Crandall* v. *Lyon,* 90 Ill. App. 265, reversed.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Supe-
rior Court of Cook county; the Hon. FARLIN Q. BALL,
Judge, presiding.

ALBERT N. & EDWARD P. EASTMAN, for appellant.

W. W. GURLEY, and WILLIAM GARNETT, Jr., for ap-
pellees.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the
court:

In December, 1893, there was pending in the superior
court of Cook county a proceeding in chancery, being a
petition for a mechanic's lien filed by H. and T. Mellin
against the appellee Gary, Effie D. Shuman, Alexander
F. Shuman and the appellant, Roland A. Crandall. The
appellant, Crandall, filed a cross-petition, praying for a
decree establishing a mechanic's lien in his favor against
the real estate involved in the original petition, for cer-
tain labor, painting, glazing, papering, etc., furnished by
the cross-petitioner in the erection and completion of a
building on the premises. This cross-petition made the
appellee Lyon a party defendant, alleging said Lyon was
the owner of a mortgage lien on the premises, but charg-
ing that said mortgage lien was subsequent to the lien of
the cross-petitioner. On the hearing of the issue made
under the cross-petition, (all other issues and contentions
having been adjusted and settled,) the superior court

found and decreed the appellant was entitled to a lien upon the premises as set forth in the cross-petition, save that it was secondary to the lien of the mortgage given to the appellee Lyon. The Appellate Court for the First District, on an appeal prosecuted by the appellant, Crandall, affirmed the decree, and this is a further appeal to this court.

The statute in force under which appellant claimed the lien in his favor was that enacted May 13, 1887. (Laws of 1887, p. 219.) Section 4 of the act is as follows: "Every creditor or contractor who wishes to avail himself of the provisions of this act shall file with the clerk of the circuit court of the county in which the building, erection or other improvement to be charged with the lien is situated, a just and true statement, or account or demand due him after allowing all credits, setting forth the times when such material was furnished or labor performed, and containing a correct description of the property to be charged with the lien, and verified by an affidavit."

In the Appellate Court appellees assigned as ground of cross-error that the appellant had not filed with the clerk of the circuit court of Cook county the statement, or account, or demand, in the manner required by the provisions of said section 4, and for that reason the superior court erred in finding the appellant was entitled to any lien, primary or secondary, under the statute. The same contention is made the ground of an assignment of cross-error by the appellees in this court, and as a further cross-error they have assigned in this court that the Appellate Court erred in not reversing and remanding the cause, with directions to the superior court to dismiss appellant's cross-petition for a lien. Each of these cross-errors is, as we think, well assigned. The statement, or account, or demand, filed by the appellant as in compliance with the provisions of said section 4, is (except the affidavit verifying the same, as to which no ground of objection exists,) as follows:

"STATE OF ILLINOIS, ⎱ *ss.*
 *County of Cook.* ⎰
                          *In the Circuit Court of Cook County.*

"Statement of account due Roland A. Crandall from Effie
D. Shuman and Alexander F. Shuman, for which a mechanic's
lien is claimed by the said Roland A. Crandall:

"*Effie D. Shuman and Alexander F. Shuman, to Roland A. Crandall, Dr.:*

April 10, 11, 12, 13, 14, 15, 17, | For labor and material on the
18, 19, 20, 21, 22, 24, 25, 26, 27, 28, | building known as the Colonies
29, 1893. | Hotel, as follows:

May 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, | For painting, glazing, calcimin-
12, 13, 15, 16, 17, 18, 19, 20, 22, 23, | ing, varnishing and papering,
24, 25, 26, 27, 1893. | $3254.50.

June 3, 5, 6, 7, 8, 9, 10, 12, 13,
14, 15, 16, 17, 19, 21, 22, 23, 24, 26,
1893.

July 14, 15, 17, 18, 19, 20, 1893.

"Said materials and labor above set forth were furnished at
the times in said statement mentioned, and the price became
due and payable upon the completion of the work, on the 20th
day of July, 1893; that the first of said labor and material afore-
said was commenced to be and was furnished on the 10th day
of April, 1893, and the last of the same was furnished upon the
20th day of July, 1893, and all of the same was used upon and
in the construction and improvement of the building known as
the Colonies Hotel, standing and situated upon lot twenty-three
(23), block one (1), Illinois Central subdivision of the west part
of the south-west 14.09 acres in the south-west fractional quar-
ter of section twelve (12), and of the west part of the north-
west 17.93 acres in the north-west fractional quarter of section
thirteen (13), township thirty-eight (38), north, range fourteen
(14), east of the third principal meridian, in Cook county, Illi-
nois, further known and described as Nos. 129 and 131 Fifty-
sixth street, in the city of Chicago, Cook county, Illinois; and
that there is now due and owing the said Roland A. Crandall
from the said Effie D. Shuman and Alexander F. Shuman, after
allowing to them all just credits, deductions and set-offs, the
sum of three thousand two hundred and fifty-four and $\frac{50}{100}$ dol-
lars ($3254.50), for which said Roland A. Crandall claims a me-
chanic's lien upon the aforesaid premises.

                                    ROLAND A. CRANDALL."

This statement, or account, or demand, is not for an
amount due under a contract for the payment of a speci-
fied total sum for the entire work and material, but is the
statement of the amount of the total of a number of dif-

ferent charges for different items of labor and material furnished at different times. When it is sought to establish a lien for the total price of different items of labor and material furnished at different times, the statement to be filed with the clerk of the circuit court, in order to answer the requirements of said section 4, must be a statement of the different items of which the account is composed, showing what the different charges composing the total are for and when rendered,—as, in this case, whether for labor, painting, glazing, calcimining, varnishing or papering, and the amount of each item and the date thereof. This notice will not bear any other construction than that it is a statement of the total of a number of distinct and different charges composing an account claimed by the appellant to be due to him, some of the items being for labor and some for material of different kinds, as paint, paper and calcimining, etc., performed or furnished during the course of the construction of the building, the different dates appearing in the margin of the account, being the days on which either the labor was performed or the material furnished, or possibly both. The testimony produced as in support of the cross-petition for the lien, established that there was not any contract fixing the sum stated in the notice, or any other specific sum, as the total price to be paid for the entire work and material to be furnished. The testimony of the appellant was, that he gave the owner of the building, by whom he was employed to do this work and furnish this material, the prices of the paper per roll, the price of hanging it and the price per hour for labor, etc. A bill produced by the appellees as having been rendered to the owner of the premises by the appellant as showing his demand, and identified by the appellant as one so rendered by him, itemized the labor by the hour, paper by the roll, and specified the charge for hanging the same by the roll, and fully itemized certain amounts claimed for setting certain panes of glass in

specified transoms and windows, etc., with the charges for each item separately set forth in the account.

The statement, or account, or demand, to be filed with the clerk in order to meet the requirement of the statute and entitle the appellant to a lien, is a list or statement, in detail, of each different item of labor or material, showing the nature and kind of work done and the kind and amount of material, together with the respective dates at which the labor was performed or the material furnished. When a lien is sought on an account such as the appellant here had, it must appear affirmatively from the face of the notice of the claim registered with the clerk, that each different item of the account is that for which the statute grants the lien, and that in point of time a lien may be claimed thereon. Such a notice is a prerequisite to the right of the appellant to a lien under the statute. (*Ehdin* v. *Murphy,* 170 Ill. 399.) Similar statutes have received like interpretation in other of the States of the Union. (15 Am. & Eng. Ency. of Law,—1st ed.— p. 140, note 2.) The remedy sought by the appellant is purely statutory, and it was therefore essential he should aver in his petition, and prove on the hearing, that he had complied with the statutory condition precedent to his right to enforce the lien. (4 Ency. of Pl. & Pr. 655, 656, and note 2 to latter page.) The answer of appellees expressly denied the statutory condition precedent had been performed, and the evidence supported this averment of the answer. In such state of the proof the appellant was not entitled to the benefit of the lien provided for by the statute, and it was error to decree even a secondary lien in his favor, but his cross-petition should have been dismissed.

The judgment of the Appellate Court and the decree of the superior court are each reversed and the cause remanded to the superior court, with directions to dismiss the cross-petition and the amended cross-petition filed by the appellant.

*Reversed and remanded, with directions.*