AMALIE TORSELL

*v.*

JACOB A. EIFFERT.

*Opinion filed February 17, 1904.*

1. APPEALS AND ERRORS—*when amount in controversy does not govern right of appeal.* The amount in controversy does not govern the right to appeal to the Supreme Court where the action is not to recover money, property or damages, but to enjoin the collection of a judgment alleged to have been wrongfully obtained.

2. SAME—*general recitals in decree do not supply place of certificate of evidence.* . Recitals in a decree that the court has jurisdiction and that all the material allegations of the bill are true are not sufficient to supply the place of a certificate of evidence.

3. SAME—*when complainant must preserve the evidence.* In order to sustain a decree granting the prayer of the bill, it is the duty of the complainant, and not of the defendant, to preserve the evidence, either by a certificate of evidence or by specific findings of fact in the decree.

*Torsell* v. *Eiffert*, 108 Ill. 'App. 67, reversed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

JAMES H. HOOPER, for plaintiff in error.

BULKLEY, GRAY & MORE, for defendant in error.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is a bill in chancery filed in the circuit court of Cook county by defendant in error to enjoin the collection of a judgment rendered in the county court of Cook county against him, in favor of plaintiff in error, for $129 and costs. The bill alleges that the plaintiff in error recovered a judgment against the defendant in error by fraud, before one of the justices of the peace of Cook county; that the plaintiff in error took an appeal to the county court of said county, where a judgment in trover

was entered for the above amount, and that the sheriff of Cook county, by virtue of a *ca. sa.* issued from said court, is about to arrest the defendant in error and confine him in the jail of Cook county in accordance with the command of said writ, and prays that the plaintiff in error and the sheriff, and those claiming under or through them, may be enjoined from enforcing the collection of said judgment, and that the same may be set aside. The case was tried in open court and a decree entered in accordance with the prayer of the bill of complaint. The case was taken by writ of error to the Appellate Court for the First District by plaintiff in error, where the decree of the circuit court was affirmed, and the record has been brought to this court for a further review.

A motion was made by defendant in error to dismiss the writ for want of jurisdiction in this court to hear and determine the same on the ground that the amount involved in the controversy was less than $1000, and that the Appellate Court had granted no certificate of importance, which motion was reserved. The purpose of this action is not to recover money or property, but to enjoin the collection of a judgment claimed to have been wrongfully obtained. In the case of *Richards* v. *People,* 100 Ill. 423, which was a bill to enjoin the obstruction of a road, where it was insisted this court was without jurisdiction to entertain an appeal from the Appellate Court, it was said (p. 425): "The statute making the right of appeal from the Appellate to this court depend, in certain classes of cases, upon the amount in controversy or of recovery in the court below, has no application where the object of the suit is not to recover a debt or damages, or some specific article of property, either personal or real. In all other cases, by the express provisions of the eighth section of the Appellate Court act, an appeal lies to this court." And in *Chalcraft* v. *Louisville, Evansville and St. Louis Railroad Co.* 113 Ill. 86, which was a bill

to enjoin the construction of a bridge for a farm cross-
ing over a railroad track, in passing on a motion to dis-
miss for want of jurisdiction to entertain the writ of
error, the court said (p. 87): "This is not a suit to recover
money or chattels, and is not, therefore, affected by the
statute limiting appeals and writs of error to $1000, and
the writ hence lies, without regard to the magnitude
of the interests involved." And in *Tosetti Brewing Co.* v.
*Koehler*, 200 Ill. 369, a proceeding to enjoin the levy upon
a sale of a lot under execution and to remove a cloud
upon the title arising by the apparent lien of the judg-
ment, a motion to dismiss was made for the same reason
as here suggested. It was held (p. 371) that "the purpose
of the suit is not the recovery of money or property, but
it is to enjoin the levy upon and sale of the lot under
execution and to remove the cloud from the title, and
in such case the right to an appeal is not determined by
the amount of the judgment." The motion to dismiss the
appeal is denied.

It is insisted by the plaintiff in error that this case
must be reversed for the reason that no certificate of
evidence is contained in the record and no findings of
fact were incorporated in the decree. The decree finds
"that the court has jurisdiction of the parties and of the
subject matter in this cause; that all the material alle-
gations of the said bill are true," and nothing further.
Such finding is but a conclusion, and is not sufficient,
under the decisions of this court, to supply the place of
a certificate of evidence. The case having been tried in
open court upon oral testimony, it was the duty of the
complainant—not of the defendant—to preserve the evi-
dence either by certificate of evidence or specific findings
of fact in the decree. In the case of *Village of Harlem*
v. *Suburban Railroad Co.* 202 Ill. 301, where the finding of
facts was the same as in this decree, the cause was re-
versed. It was there said (p. 302): "In chancery cases
the practice is well settled in this State that the party

in whose favor a decree granting relief is entered, to maintain it must preserve the evidence by a certificate of evidence or otherwise, or the decree must find the specific facts that were proven on the hearing, and that it is not the duty of the party against whom the decree granting relief is rendered to preserve the evidence." Having failed properly to preserve the evidence upon which the decree in this case is based, under the foregoing decision and cases therein cited the decree must be reversed.

The judgment of the Appellate Court and decree of the circuit court will be reversed and the cause remanded to the circuit court of Cook county.

*Reversed and remanded.*