## S. Jennie Sorg  et al. v. Roland A. Crandall et al.

### Gen. No. 12,589.

1. MECHANIC'S LIEN—*when claim for lien sufficient.*  Figures in a date column have a well-defined and universally understood meaning, both commercially and legally, and where the month and the day and the year are so represented in a claim filed for a mechanic's lien, it will be held sufficient.

2. MECHANIC'S LIEN—*when interest allowable upon.*  Interest is allowable upon a mechanic's lien where the claimants have brought their demand within that section of the interest statute which provides that interest may be allowed "on settlement of account from the day of liquidating accounts between the parties and ascertaining the balance."

3. MECHANIC'S LIEN—*what does not preclude allowance of interest upon.*  The fact that a lien will be enforced against a party other than the one who made the contract with the lien claimants, does not preclude the allowance of interest.

4. MECHANIC'S LIEN—*remedy by, cumulative.*  A claim for lien is not waived by the taking of a judgment at law upon the account due and unpaid.

Mechanic's lien proceeding.  Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1905.  Affirmed in part, reversed in part, and remanded.  Opinion filed October 29, 1906.

H. H. C. MILLER and W. S. OPPENHEIM, for appellants.

ALBERT N. and EDW. P. EASTMAN, JOHN T. RICHARDS, ALDEN, LATHAM & YOUNG, JOHN F. HOLLAND and WM. SANDERS ELLIOTT, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The appellants, S. Jennie Sorg, Paul A. Sorg and Ada G. Sorg, prosecute this appeal from a decree of the Circuit Court allowing the claims of appellees, Roland A. Crandall, George M. Gross, Robert Gordon, Albert H. Hettich and Simpson Brothers, and establishing a lien in their favor, pursuant to chapter 82, R.

S. of 1887, title "Liens," for the amounts found due appellees respectively against the fee title now claimed by appellants.    This appeal and that in No. 12,612, *post,* p. 261, has been consolidated for hearing upon the record in 12,613, Shields v. Sorg, *post,* p. 266, and many of the questions raised here have been decided in the latter case, and for the questions thus decided and here involved we refer to the opinion on file in 12,613.

It but remains for us to determine on this appeal whether appellees have shown by their pleadings and proofs a substantial compliance with the requirements of the Lien Statute in order to entitle them to a lien, and if the master's findings of the amounts found due are sustained by the record.

The record sufficiently shows that the appellees, Crandall, Gross, Gordon and Simpson Brothers, substantially complied with sections 4 and 28 of the Lien Act as to the time in which they filed notice of their claims with the clerk of the Circuit Court, the verification of these several claims and the times when the work was done and materials were supplied, are stated.    Also the items of work done and the materials supplied are sufficiently, and in most cases amply set forth, and in these respects the demands of the statute have been fully met.    Each of the statements filed by the foregoing claimants rises to the standard marked in Crandall v. Lyon, 188 Ill. 86, that they must be in detail, showing each different item of labor or material, its nature and kind, with the dates on which the labor was performed or material furnished, and we find nothing omitted from any of these statements which the statute requires as a basis upon which a lien may rest.    The notice in the Simpson case is in conformity with the ruling in Moore v. Parish, 163 Ill. 93.

The criticism made by appellants to the claim of Gordon appears to be satisfactorily met in Blanchard v. Fried, 162 Ill. 462.    The first page of the Gordon account in headed "Chicago, Feb. 15, 1893," and all

the items are set forth under dates designated in figures thus: 2/4—2/25. Another account is headed "Chicago, March 9, 1893," and the marginal dates of material furnished are likewise designated in figures, as 2/24—3/9, etc.; the same method being followed in the remaining accounts, which together with a verification comprise the notice of claim filed with the Circuit Court. Figures in a date column—where these figures are found—have a well-defined common and universally understood meaning both commercially and legally. The figures 2/24 mean second month, twenty-fourth day—viz., February 24, and according to the doctrine of Blanchard v. Fried, *supra,* there being no proof to the contrary, the year appearing at the head of the account will be assumed to be the year intended, viz., 1893.

The master found and the court decreed that there was due appellees upon their several claims the amounts here extended after their names, viz., Roland A. Crandall, $3,322.58, with interest from July 29, 1893; George M. Gross, $1,616.55, with interest from August 24, 1893; Robert Gordon, $4,470.80, with interest from July 18, 1893; and Simpson Brothers, $919.96, with interest from July 11, 1893. There are no exceptions in the record to the master's report as to the amounts due the foregoing appellees, which challenge either the work done, material furnished or prices charged therefor, and no testimony was heard or proffered disputing the evidence of the last mentioned claimants as to these matters. So as to these several matters appellants are estopped from complaining here. Complaint is made by appellants, and the point preserved by an appropriate exception, that the allowance of interest upon the claims of the last mentioned appellees is without warrant of law. To this contention we are unable to accord our consent. The master evidently treated the filing of the several claims as the date on which the parties stated their

account, and in the light of the fact that such statement
was followed by proof sufficient to sustain the whole
of the claim, appellees clearly brought their demand
within that section of the interest statute which, among
other things, provides that interest may be allowed
"on settlement of account from the day of liquidating
accounts between the parties and ascertaining the
balance." Or in other words, the master treated each
claim as an account stated on the day the notice of
lien was filed with the circuit clerk. The evidence
justified such conclusion. It is not questioned by appel-
lants, but that interest on these claims would be prop-
erly chargeable against the Mecca Company, and this
being so it follows from the responsibility to which the
Supreme Court has held the fee title in Crandall v.
Sorg, 198 Ill. 48, that while Sorg was not in name a
party to the building contract, yet by his acts and
participation in the subject-matter of it he became in
law equally answerable with the Mecca Company for
all liability attaching in virtue of the Lien Act, *supra,*
and his title subject to the same lien.

In Carey Lumber Co. v. Jones, 187 Ill. 203, involv-
ing a similar liability of a fee owner under a build-
ing contract made by the lessee in name, the court
held that the lien attached to the whole of the prop-
erty, including the fee owner's title, and that the lien
claimant was entitled under the statute to interest on
his claim from the time it became due.

It is urged that Crandall waived his lien by taking a
judgment at law upon his claim against the Mecca
Company in a suit commenced on March 13, 1893, at
which time he by his pleadings averred the claim to be
due.

The remedy given by the Lien Statute is additional
and cumulative of other remedies both against persons
and property. Such remedies may be prosecuted
concurrently, and so doing does not impair the right to
invoke the lien given by statute. West v. Flemming,
18 Ill. 248.

The only limitation upon the prosecution of such remedies is, that there shall be but one satisfaction. Delahay v. Clement, 3 Scam. 201; Branigan v. Rose, 3 Gilm. 123.

It is insisted that Crandall having sworn that his claim was due March 13, 1893, is estopped from setting up in this proceeding any other date when the claim actually matured regardless of the fact, and that he not having filed his notice of lien until July 29th in the same year, it was sixteen days too late and not within the four months within which time the statute requires it to be filed, and cases are cited in an attempt to sustain such insistence. It is a sufficient answer to say that Sorg was not a party to this judgment, and the doctrine of estoppel invoked has no application. Crandall, however, was to have been paid $2,470 on completion of the work and the balance due him in three notes at sixty, ninety and 120 days. The notes were never given or tendered. The proof is uncontradicted that the work was finished February 16, 1893, and consequently payment would not be due, according to the agreement to take the notes, until their maturing at the dates stated, so that it is evident that the filing of the notice of lien July 29, 1893, was within the four months statutory period. This sufficiently disposes of this appeal as to appellees Crandall, Gross, Gordon and Simpson Brothers, as to all the objections raised by appellants to the decree of the Circuit Court.

Appellee Albert H. Hettich, doing business in the name of Ceramic Mosaic Tile & Marble Company, entered into an agreement April 19, 1893, with the Mecca Company to furnish and set in place tile and marble work in a room of the Mecca building to be used as a saloon, for the sum of $554. This agreement is evidenced by a proposition made by Hettich, which was accepted by the Mecca Company, in writing, in which it was stated, "You will greatly oblige by giving this your immediate attention in order that room may be ready for occupancy not later than the 5th prox." In-

the state of the evidence this fact is urged as strong presumptive proof that the notice of lien filed with the Circuit clerk November 9, 1893, was not within four months of the completion of the work which Hettich claims was completed November 8, 1893. But whatever the fact may be as to this contention, it is unimportant as affecting the ultimate issue as to the Hettich claim.

The fee of the Sorgs is subjected to lien claims in virtue of the contract between Sorg and Hullinger, subsequently assigned to the Mecca Company, and in accordance with the provisions of which the general building contract was entered into between the Mecca Company and Shields & Cook, and in an attempt to comply with which the other appellees here did the work and furnished the materials for which they have maintained their several claims to liens. The work done and materials furnished by Hettich had no relation whatever to the Sorg-Hullinger contract, or with any duty cast upon Shields & Cook as general contractors. Hettich's work and material was for the internal embellishment of a room in the building, when completed, to be used for a particular purpose and to be installed therein after the building had been completed. This is apparent from the proof of Hettich that the last work was done in that room November 8, 1893, the building having been delivered to the Mecca Company as completed August 23, 1892. The liability of the fee to liens is circumscribed to such matters done in pursuance of the Sorg-Hullinger contract and the general building contract between the Mecca Company and Shields & Cook authorized by its terms. No pretense is made that Sorg even knew of the turning of that particular room into a saloon, or that Hettich was engaged in making the change. July 7, 1893, the Mecca Company parted with all its interest in the leasehold and building to William C. Niblack as receiver of the Columbia National Bank of Chicago. It stands to reason that most, if not all, of the fitting up of that room as a saloon was subsequent to the time

when the Mecca Company's interest ceased. It is said, p. 48 appellee Hettich's brief: "Whether or not the architect's plans provided that this saloon room was to be finished up does not appear from the record." If this contention be conceded, the legal situation is not improved. It is' material that it should appear the burden of so doing was on Hettich; he failed, and no negative presumptions can be indulged. Torssel v. Eiffert, 207 Ill. 621.

The decree of the Circuit Court as to appellees Crandall, Gross, Gordon and Simpson Brothers is affirmed, and such decree as to the appellee Hettich is reversed and the cause as to him remanded, with directions to vacate that part of the decree allowing the Hettich claim and to dismiss the cross-bill of Hettich for want of equity.

*Affirmed in part, and reversed in part, and remanded with directions.*