Dominick J. Lavin, Defendant in Error, v. Board of Commissioners of Cook County et al., Plaintiffs in Error.

## Gen. No. 15,325.

1. APPEALS AND ERRORS—*effect of absence of certificate of evidence.* If there is no certificate of evidence contained in the transcript, a decree in chancery must be sustained, if at all, upon the findings appearing on the face of the decree. A general finding that the material allegations of the bill of complaint are true must be ignored as valueless.

2. FEES AND SALARIES—*how statutes relating to public offices construed.* All statutes relating to public offices must be read *in pari materia* with the other statutes providing for compensation and fees for the incumbents of such public offices, and in so considering the various statutes relating to public offices and the compensation of the incumbents, the courts will not close their eyes to the effect of provisions intended to give public officers reasonable compensation for their services.

3. FEES AND SALARIES—*status of special state's attorney.* A special state's attorney duly appointed, so long as he may continue in office is to be placed upon the same footing with regard to fees and salaries as is the state's attorney regularly elected.

Bill for injunction.     Error to the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed in part, reversed in part and remanded with directions.     Opinion filed October 29, 1909.

HORACE K. TENNEY, ALBERT M. KALES, HARRY A. LEWIS and WM. F. STRUCKMANN, for plaintiffs in error.

H. M. ASHTON, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

It appears from the record that plaintiff in error, Frank J. Loesch was, by the Criminal Court of Cook county, under the provisions of section 6, chapter 14 of the Revised Statutes of Illinois, appointed special state's attorney to prosecute offenders against the

primary law of 1908. The appointment was made upon the finding and theory that John J. Healy, then state's attorney of Cook county was disqualified within the meaning of said section 16 from prosecuting certain offenses as state's attorney.

After the appointment of Mr. Loesch was made, the Board of County Commissioners of Cook county adopted a report of their finance committee which recommended that the sum of $19,500 be set aside and appropriated out of the fund for miscellaneous purposes for the purpose of paying the salaries and expenses of Mr. Loesch as such special state's attorney in connection with the investigation and prosecution of offenses under the Primary Election Law in force July 1, 1908, authorizing said Frank J. Loesch as special state's attorney to draw requisitions against said fund for the payment of all salaries and expenses in connection with said investigation.

Thereafter Dominick J. Lavin, defendant in error, a taxpayer, filed this bill against the Board of County Commissioners of Cook county, the Comptroller of Cook county, the Treasurer of Cook county and said Loesch, to restrain the county officials from paying out of the county treasury any sum of money on account of fees or salary, or both, to Frank J. Loesch for his personal services as special state's attorney of Cook county.

The bill also prayed for an injunction restraining the county officials from paying any sum or sums out of the certain fund of $19,500 to the assistants and employes of said Loesch as special state's attorney.

All the defendants answered the bill, setting up in their answer that the amounts appropriated in the annual appropriation bill, so-called, for the payment of salaries of county officials and employes, contained a sum sufficient only to pay the salaries of officials and employes therein specifically named or enumerated, and that in said fund there is no money with which to pay the salaries or expenses in connection with the

investigation of certain frauds alleged to have been committed during the primary election of August 8, 1908.

The answer sets up that John J. Healy, state's attorney of Cook county, on September 22, 1908, filed in the Criminal Court of Cook county a petition, the contents of which is fully set forth but which may be stated in substance as follows: That the said state's attorney was a candidate for nomination on the Republican ticket for the office of state's attorney, to be voted upon at the next general election held in November, 1908, and that at the said primary election of August 8, 1908, one John E. W. Wayman and one Edward Litzinger were opposing candidates for the nomination for state's attorney on the Republican ticket, and by the returns of the canvassing board made on August 24, 1908, it appeared that John E. W. Wayman received more ballots in Cook county for the office of state's attorney than either John J. Healy or Edward Litzinger; that immediately after the primary gross frauds were committed in many of the polling places which affected the legality of the vote for and against him, and that he thereupon instituted an investigation, and as a result thereof filed a petition in the County Court of Cook county on August 29, 1908, wherein he made said Wayman defendant and set forth therein that he had been duly nominated for the office of state's attorney, notwithstanding the count of the ballots and the return of the canvassing board, and asked that the evidence of frauds charged to have been committed be heard and that all fraudulent votes cast be stricken out and that he be declared the successful candidate; that he had discovered that many persons in Chicago were guilty of misdemeanors and felonies punishable by the primary election law, that certain judges and clerks in certain election precincts where said primary election was held, and other persons co-operating with them, were guilty of conspiracy to do illegal acts injurious to the administration of public justice and

in violation of the primary election law; that by reason of his personal interest in said contest that was pending in the County Court, and by reason of the fact that a large part of the evidence at hand had been obtained by him for his personal use and benefit, it was inexpedient that he take any action as a prosecutor and as state's attorney of this county in bringing to justice those who had violated the primary election law by acts committed on August 8, 1908, so long as the said contest was pending. And the petition prayed for the appointment of some competent attorney to investigate and inquire into all violations of the primary law alleged to have been committed in the city of Chicago on August 8, 1908, and to prosecute such persons as the person so appointed should consider to have been guilty of criminal acts appertaining and incident to the said primary election; that the person so appointed should be clothed with all necessary authority to act as such special state's attorney in accordance with the statute in such case made and provided.

The answer further sets out that said petition was considered by the Criminal Court and on September 30, 1908, it entered an order finding the allegations of the petition true, and that state's attorney Healy was interested in the contest before the returning board, and was affected by the frauds and crimes alleged to have been committed, and ordered that Frank J. Loesch be appointed special state's attorney to investigate and prosecute any and all persons against whom there shall appear to be just and reasonable grounds to establish guilt of criminal offenses committed in violation of the primary election law in force July 1, 1908, at a primary held in Cook county on August 8, 1908, and giving said Loesch full authority to act in the place and stead of John J. Healy, the state's attorney, in the premises, in so far as it should be necessary in the full performance of his duties as

such special state's attorney and as to justice should appertain.

The answer further sets out that the order of the Criminal Court is still in effect, and that said Frank J. Loesch is acting as special state's attorney for the purpose of making investigation and performing duties in said order mentioned, and that a special grand jury is in session, called by the Criminal Court of Cook county upon the motion of said Frank J. Loesch.

The answer further sets out that said Frank J. Loesch has drawn requisitions against said fund of $19,500 for the payment of salary for himself and for his assistants employed by him and for other expenses incurred by him during the month of October, 1908, and that said requisitions had been referred to the Public Service Committee of the Board and that said committee has recommended that they be honored and that warrants be drawn in favor of the bills rendered.

A replication was filed to the answer, and upon a hearing of the cause upon answer and replication and the evidence both oral and documentary, a decree was entered November 18, 1908, finding that Loesch is not entitled to receive any compensation as special state's attorney of Cook county, that the expenses connected with the investigation of certain frauds alleged to have been committed during the primary election of August, 1908, the salaries of the duly appointed assistants of the said special state's attorney are a legal charge against Cook county, and enjoining perpetually the Board of County Commissioners, its president, and the Comptroller, and the County Treasurer from issuing, approving or paying any sum or sums of money whatsoever in payment of any salaries or fees to Frank J. Loesch as such special state's attorney for services rendered by him personally in connection with the investigation of certain frauds alleged to have been committed during the primary election of August 8, 1908.

On November 23, 1908, the complainant, Dominick J. Lavin, appeared by his solicitor and waived all rights of appeal from the decree and waived all errors. The defendants to the bill prosecute this writ of error from the decree. Frank J. Loesch, special state's attorney, has assigned errors and brings before this court for review, by his assignment of errors, so much of the decree as finds that he is not entitled to receive any compensation as special state's attorney, and enjoining the Board of County Commissioners, its president, and the County Comptroller, and John R. Thompson, Treasurer, and each of them, from issuing, approving or paying any sum or sums of money whatever in payment of any salary or fees to said Loesch as special state's attorney.

No certificate of evidence appears in the record. Under a familiar rule, therefore, the decree must be sustained, if at all, only upon the findings appearing on the face of the decree. The general finding that the material allegations of said bill of complaint are true must be ignored as valueless. Harlem v. Suburban Railroad Co., 202 Ill. 301; Torsell v. Eiffert, 207 Ill. 621.

The findings of the decree make it clear that the injunction granted in the decree did not run against the payment of fees or salary to Loesch because he was not *de jure* special state's attorney under his original appointment. The decree specifically finds that he was lawfully appointed. The ground upon which the decree was entered appears to be, from the findings of the decree, that notwithstanding the fact that Loesch was a *de jure* special state's attorney at the time the bill was filed, there was no legislative authority existing by which any payment for compensation by fees or salary could be made to him as special state's attorney by the county of Cook. This, we think, is the chief, if not the only, question presented by the assignments of error and by the briefs of counsel.

It is clear that the office of special state's attorney is created by the statutes of this State. No question is made in the briefs and arguments in regard to the creation of the office. The acts of the Legislature by which the office is created do not provide for any compensation for the fulfillment of the duties of the office, but, as is usually the case in this State, it is left to be provided for in an act called the Fees and Salaries Act, which attempts to fix compensation of all offices created by the statutes of the State. In our opinion all statutes relating to public offices must be read in *pari materia* with the other statutes providing for compensation and fees for the incumbents of such public offices, and that in so considering the various statutes relating to public offices and the compensation of the incumbents, the courts will by no means close their eyes to the effect of provisions intended to give public officers reasonable compensation for their services.

The office of state's attorney of Cook county is created by the constitution and the incumbent's duties are defined by the State's Attorney's Act of 1874 (R. S. 1874, ch. 14). This act contains no suggestion of compensation for the state's attorney. This is true of many other public offices. The act which creates the office seldom, if ever, says anything about compensation or emoluments thereof. In the Fees and Salaries Act we find several provisions for compensation for state's attorneys. Section 7 of the Fees and Salaries Act of 1872 appearing in Revised Statutes of 1874, Chapter 53, is still in force. We need not copy its provisions here.

Section 8 of the same act reads as follows: "State's Attorneys shall be entitled to the following fees. . ."

This was amended and re-enacted in 1907. (Laws of 1907, page 329.) The above language remained the same, the amended act simply raising the amount of the fee.

Until July 1, 1907, the state's attorney of Cook county was legally entitled to all fees provided by said sec-

tion 8 of the Fees and Salaries Act of 1872, and also a salary of $400 a year from the State, and also an additional salary from Cook county of $6,600 by the act of 1871 appearing in R. S. 1874, ch. 53, sec. 61. The act of 1907 raised the amount specified in the act of 1871 to $10,000 and cut off the fees.

It is clear from the statute, we think, that the special state's attorney, appointed under the circumstances provided for in the statute, is as much the state's attorney of the county in which the appointment is made, within the scope of his duties, as is the state's attorney of that county, and that under the appointment under consideration, Mr. Loesch was to all intents and purposes the state's attorney of Cook county for the purpose of investigating and prosecuting the election frauds mentioned in the order appointing him. We see no reason in the provisions of the statute why both the state's attorney and the special state's attorney may not act at the same time and discharge their respective duties without reference to each other, and in our opinion they may do so; and in their respective spheres, they were such state's attorneys, with full powers as such under the statutes and the order appointing the special state's attorney. The statute indeed provides: "The attorney so appointed shall have the same powers and authority in relation to such cause or proceeding as the attorney-general or state's attorney would have had if present and attending to the same."

We see no reason in the provisions of the statute, or in the nature of the objects to be obtained under the provisions of the statute, why there should be any difference between the special state's attorney and the regular state's attorney except that the special state's attorney would be entitled to compensation only so long as his appointment lasted, or he was actually engaged in the discharge of his duties.

In arriving at this conclusion we regard the language of the statute providing for the compensation of state's

attorney of Cook county in the act of 1907, as sufficient-
ly broad to cover the compensation of the special state's
attorney appointed under the provisions of the statute.
The word "the" used before "state's attorney" in the
act of 1907, or in the other acts relating to the state's
attorneys, must be read, we think, in the sense of
"any" and not in the sense that it points out or refers
to a state's attorney of Cook county or any other coun-
ty, elected by the people. This is the secondary mean-
ing given to it in the Century Dictionary, Volume 8,
pages 62 to 68. See also Noyes et al. v. Childrens Aid
Society, 70 N. Y. 481.

We think the legislative object as appears from the
various expressions in the acts referring to the several
state's attorneys is broad enough to cover all state's
attorneys in the State, whether elected or whether spe-
cially appointed; and we think that the plaintiff in er-
ror must be placed upon the same footing with regard
to fees and salaries as the state's attorney regularly
elected. Furthermore, by virtue of its general power to
manage the affairs of the county, the county board had
authority to provide for the local administration of jus-
tice, including the enforcement of the criminal laws.
Nye v. Foreman, 215 Ill. 285. Therefore, the decree in
so far as it is based upon the theory that there is no
legislative authority for the action of the Board of
County Commissioners in providing for the payment of
salary or compensation to special state's attorney
Frank J. Loesch, must be regarded as erroneous.

It is contended, however, on behalf of the Board of
Commissioners of Cook county, and the other plaintiffs
in error, that the right of an officer to compensation
does not rest upon equitable considerations, but the
right rests entirely upon the statute which is to be
strictly construed against the officer, and unless it is
clear that the statute allows it, no compensation can be
recovered, and the case of Foreman v. The People, 209
Ill. 567, is cited. We do not find any ground in this pro-
ceeding for the application of the rule contended for,

nor do we think the case of Foreman v. The People has any application to the question before the court. That case arose upon a widely different state of facts and called for the application of different principles from the case before us.

We do not find it necessary on this record to determine precisely what compensation Mr. Loesch is entitled to receive, or whether it shall be in the form of fees or a salary. That question we do not regard as before us on this record, although it is argued to some extent in the briefs of counsel.

It follows from the views above expressed that the decree is erroneous in respect to the finding that Frank J. Loesch as special state's attorney is not entitled to any compensation, and in perpetually enjoining the County Board and its officers from making payment of any compensation to said Loesch as state's attorney. The part of the decree containing the finding above referred to, and the injunction, is therefore reversed and the cause is remanded with directions to modify the decree in said cause in accordance with the views herein expressed.

*Affirmed in part, reversed in part and remanded with directions.*

Mr. Justice MACK took no part in the consideration of this case.