224    APPELLATE COURTS OF ILLINOIS.

Anna Lumber & Mfg. Co. v. Orion Coal Co., 161 Ill. App. 224.

## Anna Lumber & Manufacturing Company, Appellee, v. Orion Coal Company, Appellant.

1. APPEALS AND ERRORS—*when purported certificate of evidence not considered.* A purported certificate of evidence filed before presentation to the judge and subsequently signed after making various changes, is not such a certificate of evidence as will be considered on review.

2. APPEALS AND ERRORS—*how questions of evidence saved for review.* In order to save for review the rulings of the trial court upon questions of evidence a proper certificate of evidence should be presented to and signed by the trial judge within the time fixed by such judge.

3. INTEREST—*when allowance proper in mechanic's lien proceeding.* Interest is properly allowed upon the amount found due in a mechanic's lien proceeding if such amount corresponds with the amount claimed in the claim for lien filed with the circuit clerk,—the filing of a correct claim for lien being treated as a statement of the account.

Mechanic's lien. Appeal from the Circuit Court of Perry county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1910. Modified and affirmed. Opinion filed April 15, 1911.

BLAND & CAVE and I. R. SPILMAN, for appellant.

A. NEY SESSIONS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On March 31, 1909, appellee filed a petition to enforce a mechanics' lien against certain real estate, belonging to appellant, for lumber and other building material, furnished a lessee of the latter, making appellant and others, defendants.

The petition alleged that appellant was the owner of certain lands in Perry county which it had leased to the Jupiter Coal and Mining Company; that on September 1, 1906, the latter company which was mining coal on the premises, contracted with appellee for the

sale and delivery of lumber and other material, to be used in the construction of certain structures on said premises; that said material was delivered to said lessee under said contract and used as contemplated; that appellant knowingly permitted the erection of said structures; that no specific time for the delivery of said material was contracted for but that the last of the material was delivered on August 6, 1907. The petition asked for an accounting of the amount due it and for a sale of the premises, in case of the failure of the defendants to pay such amount. None of the defendants answered except appellant.

The cause was referred to a special master to take the proof and upon the hearing the court entered a decree finding the allegations of the bill to be true; that the material in question was furnished by appellee to said lessee of said premises, with the consent of appellant; that the first delivery of the same was made on September 1, 1906, and the last on August 6, 1907; that said materials were worth $986.33; that appellee was entitled to recover said amount together with interest at the rate of five per cent per annum from August 6, 1907, the date of the last delivery of material, amounting in all to $1,126.61, for which amount the decree found appellee was entitled to a lien on said premises. It was decreed that appellant and its said lessee pay appellee said sum of $1,126.61, with interest from the date of the decree, within sixty days thereafter and that in default of said payment the premises be sold.

Appellant seeks to reverse this decree and assigns a number of errors. An examination of the record, however, discloses that it does not present the facts in the case or the rulings of the court on the trial, for review. The record as filed in this court, contains the process, the pleadings and certain motions made on the trial, together with the decree. Following these is a certificate of the clerk of the Circuit Court, stating

that "the above and foregoing is a true, correct and complete copy of all pleas and proceedings filed in and of all writs issued and returned, with all indorsements thereon, and of all other papers and records in the certain cause heretofore and until the appeal thereof." Following this certificate and attached to the record is what purports to be a bill of exceptions or certificate of evidence. The decree provides that appellant should have sixty days from June 4, 1910, to present a certificate of evidence. The purported certificate of evidence filed in this case bears upon it what appears to be the file mark of the clerk of the trial court, showing that it was filed in his office July 27, 1910. It further shows by an endorsement of the trial judge, that it was presented to him after the date of said filing, on August 1, 1910.

The certificate of evidence appears to have been actually signed and certified by the trial judge on September 26, 1910, but it contains no order of the trial judge to the clerk that it be filed as of the day on which it was presented to him, nor does it appear to have ever been filed in the office of the clerk after it was signed by or presented to the trial judge. That it was filed in the office of the clerk, if such is the fact, prior to the time it was presented to the trial judge, is not sufficient, as it was not a complete certificate of evidence until certified to by the judge and in the settlement of the same, many changes may have been made before it was finally signed. The purported certificate of evidence is therefore not properly before us for our consideration.

All of appellant's assignments of error, with one exception, referred to matters of evidence and rulings of the court, which could only be presented to this court by a proper certificate of evidence. It is proper to say, however, that we have examined the purported bill of exceptions, and even if it were properly before us for consideration, we would necessarily hold that

the court below properly found in favor of appellee on the merits of the case, and that it was entitled to a decree in its favor.

The one question raised by appellant's assignment of errors which appears to us to be presented for consideration, without the certificate of evidence, is that which questions the right of the court to allow interest upon the amount found due appellee for materials furnished, at the rate of five per cent per annum from August 6, 1907.

In the case of Sorg v. Crandall, 129 Ill. App. 255, which was a suit under the mechanics' lien law, the several lien claimants were allowed to recover interest from the time they filed their respective claims with the circuit clerk, the court treating such filings as statements of their accounts, it being said: ''The master evidently treated the filing of the several claims as the date on which the parties stated their account and in the light of the fact that such statement, was followed by proof sufficient to sustain the whole of the claim, appellees clearly brought their demand within that section of the interest statute which, among other things, provides that interest may be allowed 'on settlement on account from the day of liquidating accounts between the parties and ascertaining the balance.' ''

The decree in this case, however, does not show that appellee brought itself within the above rule or within any other rule contained in the interest statute, providing for the payment of interest. The decree of the court below will be modified by striking out that portion which provides for the payment of interest at the rate of five per cent per annum from August 6, 1907, which will leave the value of the material furnished by appellees, which the court below found to be the sum of $986.33, as the amount for which appellee is entitled to a decree in this case, and said decree as so modified will be affirmed.

*Decree modified and affirmed.*