## R. J. Stephens, Plaintiff in Error, v. A. H. Bost et al., Defendants in Error.

1. APPEAL AND ERROR—*right of special state's attorney to prosecute writ directed to vacation of order of appointment.* Where plaintiff in error was appointed special state's attorney for the prosecution of a highway commissioner, and at the following term the order of appointment was vacated, he was entitled to prosecute a writ of error from such order of vacation as against the contention that he was not a party or privy to the record.

2. ATTORNEYS AND COUNSELORS—*petition and showing of necessity as prerequisite to appointment.* The court was without jurisdiction to appoint a special state's attorney for the prosecution of a highway commissioner where no petition therefor was filed nor showing made of the necessity for such an order.

3. MOTIONS AND ORDERS—*vacation of void order of appointment.* Where the order appointing a special state's attorney was void for want of jurisdiction of the court to make it, the appointee is not injured by a subsequent order vacating the order of appointment, since the court may vacate a void order at any time.

4. ATTORNEYS AND COUNSELORS—*order of appointment as limiting powers.* Under an order appointing a special state's attorney for the prosecution of one as highway commissioner, the appointee secured no power to prosecute such person for offenses in his individual capacity.

5. HIGHWAYS AND STREETS—*prosecution of highway commissioner for criminal offense.* If one, while acting as highway commissioner, commits a criminal offense, he may not be prosecuted therefor in his official capacity, but only as an individual.

6. MOTIONS AND. ORDERS—*vacation of order impossible of perform-ance.* Where the order appointing a special state's attorney to prose-cute one as highway commissioner was impossible of performance, the court had power to vacate it at a subsequent term.

7. APPEAL AND ERROR—*presumption as to grounds for vacating order.* On writ of error to review an order vacating a prior order for the ap-pointment of a special state's attorney, even if the Appellate Court should presume that the court, in making the appointment, acted upon a petition sufficient to confer jurisdiction, the further presumption that the court did not vacate the order of appointment except upon a showing of good cause for so doing would require affirmance of the order of vacation.

Error by plaintiff to the Circuit Court of Jackson county; the Hon. A. L. SPILLER, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed February 17, 1926. [This opinion was received for publication on May 31, 1927.]

R. J. STEPHENS, *pro se.*

JOHN H. SEARING, *pro se* and for defendant in error Hon. A. L. Spiller.

LAWRENCE A. GLENN, for defendant in error A. H. Bost.

MR. JUSTICE BARRY delivered the opinion of the court.

At the April term of the Jackson circuit court it was ordered that plaintiff in error be appointed special state's attorney for the prosecution of Hardy Bost as highway commissioner, and at the following term that order was vacated. A motion to dismiss the writ of error on the ground that plaintiff in error is not a party or privy to the record was taken with the case. It has been held that a writ of error may be prosecuted by a party or privy to the record, or by one who is injured by the judgment or who will be benefited by its reversal, or who is competent to release error. *Ander-son v. Steger,* 173 Ill. 112. A special state's attorney, duly appointed, so long as he may continue in office is to be placed upon the same footing in regard to fees and salaries as is the state's attorney regularly

elected. *Lavin v. Board Com'rs Cook County,* 151 Ill. App. 236, 245 Ill. 496. That being true, we are of the opinion that plaintiff in error is entitled to prosecute this writ of error and the motion to dismiss is denied.

The power and authority of the court to appoint a special state's attorney is found in Callaghan's Ill. St. Ann. ch. 14, ¶ 6, which provides: "Whenever the Attorney General or State's Attorney is sick or absent, or unable to attend, or is interested in any cause or proceeding, civil or criminal, which it is or may be his duty to prosecute or defend, the court in which such cause or proceeding is pending may appoint some competent attorney to prosecute or defend such cause or proceeding; and the attorney so appointed shall have the same power and authority, in relation to such cause or proceeding, as the Attorney General or State's Attorney would have had if present and attending to the same."

Under this statute any court in a proper case may exercise the power of appointing a special state's attorney, whose authority will be limited to the special matter for which he was appointed, but before the court has jurisdiction to do so a petition must be filed setting up the facts which are supposed to render it proper or expedient to make the appointment. *Lavin v. Board Com'rs Cook County,* 245 Ill. 496; *People v. Newsome,* 291 Ill. 11. In the case at bar no petition was filed for the appointment of a special state's attorney, nor was any showing made to the court of the necessity for such an order. The court was without jurisdiction and its order appointing plaintiff in error as special state's attorney was null and void. That being true, he was not injured by the subsequent order setting aside the previous order and has no just cause for complaint. The court may vacate a void order at any time. Even if the court had jurisdiction to make the appointment the order appointed plaintiff in error, "for the prosecution of Hardy Bost as high-

way commissioner," and his authority was limited to that special matter. *Lavin v. Board Com'rs Cook County, supra.* If Bost, while acting as highway commissioner, committed a criminal offense, he could not be prosecuted in his official capacity but only as an individual. The order was to do a thing that was legally impossible, and we know of no reason why the court was not at liberty to vacate it at any time.

It may be suggested that we should presume that the trial court would not appoint a special state's attorney unless a petition had been filed setting up the facts supposed to render it proper or expedient to do so. Even if that were true, we should further presume that the appointment would not have been revoked unless the court was shown that there was good cause for doing so. In any view of the case the order complained of must be affirmed.

*Affirmed.*