## PATRICK J. DOYLE ET AL.
## V.
## JULIA MUNSTER ET AL.

*Mechanic's Lien—Failure to Complete Contract—Sub-contractor's Lien —Petition—Notice—Sec. 45, Statute.*

Where an original contractor has failed to complete his contract and a sub-contractor claims a lien under Sec. 45 of the statute, the petitioner is not required to set out the original contract, nor allege that there is anything due the original contractor.

[Opinion filed December 18, 1888.]

IN ERROR to the Superior Court of Cook County; the Hon. GWYNN GARNETT, Judge, presiding.

Doyle v. Munster.

Plaintiffs in error filed their petition for a mechanic's lien substantially as follows: Petitioners, Patrick J. Doyle and R. J. Goodwillie, are partners, doing business under the firm name of P. J. Doyle & Co., and dealers in lumber and other building material in the city of Chicago.

That Julia Munster and Morris Munster are owners of, or have some interest in, and are in possession of, lot 8, in Harriet Farlen's subdivision of lots 13, 14 and 15 of Brown's subdivision of the N. ½ of S. W. ¼ of Sec. 34, T. 39 N., R. 14, E. of 3d P. M., in Chicago, in said county, upon which is building number 3754 Wabash avenue.

That some time in August, 1886, said Julia and Morris Munster made a contract with one Walter Dick, whereby said Dick agreed to supply labor and materials for, and do the carpenter work, the painting and glazing of a building on said lot of ground, being the building aforesaid, to be finished within, as petitioners believe, a time limited and provided for in said contract, which time, petitioners believe, does not extend beyond three years from the making of the contract, nor beyond three years from the time of the commencement of work upon said building, and whereby said Morris and Julia Munster, in consideration thereof, agree to pay to the said Walter Dick within a certain time, as petitioners believe, not more than one year after the time stipulated for the completion of said work upon said building.

But petitioners are unable to set out the terms and conditions of said contract more in detail, and are unable to state whether said contract was in writing or otherwise, for the reason that said Julia and Morris Munster and also said Walter Dick, have refused the demand of your petitioners to have said writing exhibited to them and to be informed of the terms and conditions of said contract.

That after the making of the aforesaid contract, and in pursuance of the purposes thereof, on or about September 1, 1886, the said Walter Dick made a contract with petitioners to furnish certain articles of building materials to be used in the erection of said building, which said articles, together with the respective prices agreed upon for the same, are fully

set forth and attached hereto marked " Exhibit A." That the time for the delivery of said material was not definitely fixed, but it was understood that the same should be delivered at such times during the construction of said building as the said Walter Dick might need and call therefor ; that the time of payment therefor was not fixed, but it was understood that said material should be paid for on delivery.

That pursuant to said last mentioned contract, petitioners commenced delivering said material, and up to October 5, 1886, had delivered to said Walter Dick the several amounts at the respective prices set opposite them, shown and fully set forth and attached hereto marked " Exhibit B."

That all of said material so sold and delivered to said Walter Dick was actually used in and about the construction of the aforesaid building, located on the aforesaid lot of ground.

That the prices annexed respectively to the several items in said " Exhibit B," were the prices agreed to be paid, and were reasonable market prices for the same; that petitioners have received nothing to apply on account of the same, and that there is now due to the petitioners the sum of $196.46, together with interest thereon from time of delivery, which said sum the said Walter Dick and said Julia and Morris Munster, though the same has been demanded of them by petitioners, have refused or neglected to pay.

That on October 13, 1886, petitioners served upon the said Julia and Morris Munster a written notice as in such case provided, whereby they were notified that petitioners had been employed by said Walter Dick to furnish material for the said building, and that petitioners should hold said building and said lot of ground liable for the amount due or to become due thereon, a copy of which said notice is hereto attached marked " Exhibit C ; " and that at the time of the service of said notice, as petitioners believe, a large sum of money, to.wit, the sum of $1,275, provided in said original contract to be paid by the said Munsters to said Dick on account of the erection of said building, remained to be paid.

That after the said material was furnished and used in said building, but before the building was fully completed, on or

Doyle v. Munster.

about the 9th day of October, 1886, said Walter Dick abandoned work on the same, and surrendered it to said Julia and Morris Munston, and that the said unfinished building at the time of its abandonment and surrender was reasonably worth a large sum over and above the aggregate of the amounts already paid thereon, and of any damages that may have been sustained by reason of the non-fulfillment of the said original contract for the erection of said building, to wit, a sum greater than the amount due to petitioners as aforesaid.

That no other person, as petitioners believe, has any claim against the said building and premises for material furnished or labor performed.

In addition to the usual prayer for relief, petitioners pray that said Julia and Morris Munster may be required in their answer to fully set forth, first, their interest in said described lot; second, the terms and conditions of said original contract, and, if same was in writing, to attach a copy thereof thereto, and how much, if anything, had been paid to the said Walter Dick under the terms of said contract, at the time the aforesaid notice was served; third, the value of the work already done on said building, and the probable cost of completing the same; and fourth, the amount of damages, if any, sustained by them on account of the non-fulfillment of the said original contract. That the said Walter Dick may be required to answer in detail: First, the terms and provisions of said original contract; and second, the several amounts, if any, paid thereon prior to the 13th day of October, 1886.

A general demurrer was interposed to said petition by the defendants in error, Julia and Morris Munster, which was sustained by the court and plaintiffs in error electing to stand by their bill, a judgment was entered dismissing the petition at their cost.

To review this judgment the case is brought to this court.

Messrs. YOUNG & MAKEEL, for appellants.

It is enough for the court to know that there is a proper case presented under the law to call for its action. Further than that, the court needs no details, and will require none

unless when justice demands them for the information of the opposite party. In this case nothing would be subserved by presenting or undertaking to present to the opposite party information which it is already possessed of. There is certainly no reason, but the contrary, in holding that we must furnish to the opposing party information which we are not possessed of and which they are possessed of and refuse to disclose.

By demurring to our petition or bill they admit that the time for performance and payment was set within the limit prescribed for it by law; they admit that they know, and that we do not know, just how far within that limit it was set; they admit that we have requested information of that particular from them and that they have refused to give it; all this they admit by their demurrer because all this is set out in our petition or bill. Then, if these particulars are essential to the case, are we not entitled under our petition or bill to have it from them? It is one of the things for which we ask the interposition and aid of the court; namely, that the court should exercise its authority to compel them to set out and disclose these very particulars. The court has the power. It is given in mechanic's lien cases, "the same power and jurisdiction over the parties and subject," and the rules of practice and proceedings in such cases is made "the same as in other cases in chancery." Rev. Statutes, chapter entitled "Liens," Sec. 9; Sutherland v. Ryerson, 24 Ill. 521; Lomax v. Dore, 45 Ill. 381.

The general chancery code applies. Clarke v. Boyle, 51 Ill. 105.

"Suits to enforce mechanic's liens are substantially chancery proceedings, and are governed by the rules of chancery practice." McGraw v. Bayard, 96 Ill. 153.

Messrs. S. G. ABBOTT and WILLIAM H. KING, for defendants in error.

MORAN, J. We think the petition sufficient to entitle petitioners to relief, and that the court erred in sustaining the demurrer.

Doyle v. Munster.

It was not necessary that appellants should set out the terms of the original contract between the Munsters and Dick, or show by allegations that it was such a contract in its terms as would authorize a lien when sought by the original contractor against the owner.   A sub-contractor is given a lien if, in pursuance of the purposes of the contract between the owner and the original contractor, he furnishes labor or material in building any house.   Sec. 29, Chap. 82, R. S.

The petition states that a contract was made between the Munsters and Dick, whereby Dick agreed to supply labor and material for, and do the carpenter work and painting and glazing on the building to be erected on Munster's lot; that after the making of said contract, Dick made a contract with petitioners to furnish certain lumber to be used in the erection of said building, to be delivered at such times during the construction of the building as said Dick should direct, and to be paid for on delivery; and that, pursuant to said contract, petitioners delivered said material to the amount of $196.46, and that all said material so delivered was actually used in the construction of said building located on said lot.

The failure of Dick to pay for the said material is alleged, and the service of the proper notice on the Munsters, and it is stated that at the time said notice was served the sum of $1,275, provided in the original contract to be paid by said Munster to said Dick on account of the erection of said building, remained to be paid.   When we first considered this case we were inclined to hold that the petition should allege that something was due from the owner to the original contractor at the time of the notice, or that the owner should have become indebted to him thereafter upon the contract.   Consideration of the different sections of the lien act, however, leads us to a different conclusion.

The object of the petition is to assert a claim under section 45 of that act, and the allegation is that after the material was furnished by petitioners, and had been used in said building, but before the same was completed, Dick abandoned work on the same and surrendered to the Munsters, and that the said unfinished building was, at the time of its abandonment,

reasonably worth a large sum over and above the aggregate of the amounts paid thereon, and of any damages sustained by reason of the non-fulfillment of the original contract for the erection of said building, which sum was greater than the amount petitioners claimed.

It is manifest that a petitioner seeking a lien and being obliged to work it out under the 45th section, could not allege that there was anything due to the original contractor. It could not be said that anything was due him under the contract, when it appears that he has failed to perform the contract, and abandoned the work.

The case is not to proceed under that section on the theory that there was anything due to him. The owner is liable for so much as the work and material should be shown to be reasonably worth according to the original contract price, first deducting what shall have been rightfully paid under the contract, and such damage as the owner has sustained by the failure to complete the work. Mehrle v. Dunne et al., 75 Ill. 239.

The owner may of course be compelled to produce at the hearing the original contract, and disclose fully his payments and transactions under it. To require the petitioners to state those matters in the petition, would be in effect to deny any relief under the 45th section, for the law furnishes a subcontractor no means of obtaining such information before filing his petition.

The petition states a cause of action and requires an answer, and for sustaining the demurrer thereto the decree must be reversed, and the case remanded to the Superior Court.

*Reversed and remanded.*

GARNETT, J., took no part in the decision of this case.