62  657
67  522

## Harris Brin v. George M. Larimer, Charles F. Hutzler and Edward Otto et al.

1. MECHANIC'S LIEN—*Rights of Sub-Contractor—Not Dependent on Architect's Certificate.*—The rights of a sub-contractor to have a lien under chapter 82, R. S., entitled, "Liens," is not dependent upon the right of the original contractor to have an architect's certificate.

**Bill for a General Settlement.**—Mechanic's liens.   Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding.   Heard in this court at the October term, 1895.   Affirmed. Opinion filed March 3, 1896.

LEVI SPRAGUE, attorney for appellant.

FARSON & GREENFIELD, attorneys for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant was the owner of certain premises in Chicago, and contracted with certain parties to erect thereon a building for him.

Controversies arose concerning the due performance of said contract, and of how much, if anything, was due from appellant, and as to claims of sub-contractors who were threatening the appellant with lien suits, and thereupon the appellant filed his bill for a general settlement under the provisions of Sec. 39, Chap. 82, Rev. Stat., and, among others, made the appellee a party defendant.

The appellee answered the bill and filed his cross-bill, wherein he claimed a balance of $548.64 to be due him for mill work furnished to the original contractors, and alleged there was a balance of $911.56 due to them from appellant under the original contract.

The original contract price was $7,145.   The master, to whom the cause was referred, found and reported that the work and materials furnished by the original contractors under the contract were reasonably worth the sum of $6,894, and that they furnished extra labor and materials of the value of $482.90, and that appellant paid to the original contractors the sum of $6,892.49, and that after having received that much, the said contractors abandoned the job, leaving certain of the work undone, and certain other parts defectively done.

For such uncompleted and defective work the master allowed the appellant the reasonable cost he was put to in having it made good, and a certain other credit, aggregat-

ing the sum of $271, making a total credit to appellant of $7,183.49. Adding $482.90 as the value of the extra labor and materials, to the contract price of $7,145, the master found a total debit against appellant of $7,627.90, and deducting therefrom the aforesaid credit to which he was entitled, left a balance due by him of $464.41.

As to the appellee, the master found that he was the only person who had any claim upon said balance due by appellant, and that there was due to appellee a balance of $548.64.

The decree confirmed the master's report, and adjudged that appellant pay said balance of $464,41 to the appellee, and, in default thereof, that said premises be sold.

The main contention of appellant, upon the merits, is that no allowance was made in his favor for damages on account of defective work and material.

It appears that some part of the sum that was credited to appellant by the master, as having been reasonably expended by appellant in completing the job, was for replacing poor and unworkmanlike work. Whether all was allowed that should have been, may be a question, but as appellant has neglected in his brief to specifically call attention to any evidence to be found, either in the abstract or record, where support for his contention may exist, we are not required to probe around in the mass of over five hundred pages of testimony to see if we can discover any.

The point is made that appellee was not entitled to a lien because no final certificate was ever issued by the architect to the original contractors. The right of a sub-contractor to have a lien is not dependent upon the right of the original contractor to have one. Doyle v. Munster, 27 Ill. App. 130.

We find no error in the record, and the decree is therefore affirmed.