**Louise L. Fergus, John B. Fergus, and Horace A. Goodrich, Trustee, v. Chicago Sash and Door Co., John Wallace and Michael Burke.**

1. MECHANIC'S LIEN—*Affirmative Relief on an Answer.*—In a proceeding for a mechanic's lien no cross-petition is necessary. If a defendant is entitled to a lien he can have it upon an answer.

2. Equity Practice—*Defendant Not Entitled to Notice After Default.*—After a defendant has suffered a petition to be taken as confessed he is not entitled to notice of the taking of testimony before the master, nor without taking exceptions can he question the conclusions of fact reached.

3. Same—*Rights of Co-defendants.*—If parties defendant desire to question the rights of other defendants they must do so in the court below.

4. Waiver—*Of Errors Not Discussed.*—When an error assigned is not noticed in the brief of the parties assigning it, it is waived.

Mechanic's Lien.—Error to Circuit Court of Cook County; the Hon. Oliver H. Horton, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

Smith & Barton, attorneys for plaintiffs in error.

Pease & McEwen and George D. Anthony, attorneys for defendants in error.

Mr. Presiding Justice Gary delivered the opinion of the Court.

January 14, 1895, the Sash and Door company filed a petition for a mechanic's lien upon premises of Louise L. Fergus, under a contract with her by her husband as her agent, and alleging that Goodrich, Wallace and Burke had, or claimed, some interest in the premises. The plaintiffs in error were duly served with summons, but paid no attention to the suit, and the petition was taken as confessed against them. Wallace and Burke were not served, but appeared, and by answer set up their own claim for a mechanic's lien.

No cross-petition was necessary; if they were entitled to a lien, they could have it under an answer. Thielman v. Carr, 75 Ill. 385.

And the plaintiffs in error, having suffered the petition to be taken as confessed, were not entitled to any notice of the taking of testimony before the master, nor, without taking exceptions to his report—as they did not—can they question the conclusions of fact which he reported. Moore v. Titman, 33 Ill. 358.

By the petition which they were summoned to answer they had notice that Wallace and Burke were parties defendant, and therefore privileged to present and enforce their rights, if they had any. The plaintiffs in error, if they wished to question the claims of Wallace and Burke, should have attended to the case below.

All of the errors assigned, except the twelfth and thirteenth, are as to the findings in the decree, which the plaintiffs in error can not question after default. The thirteenth is that the decree does not contain sufficient findings, which not being noticed in the brief, is waived. Cook v. Moulton, 59 Ill. App. 428.

The twelfth, that the court erred in granting relief to Wallace and Burke without notice to the plaintiffs in error, has been already answered.

The decree is affirmed.