## Cyrus J. Wood v. Adolph Gumm et al.

1. PRACTICE —*Entry of Appearance.*—An entry of an appearance in a cause by a writing entitled as a cross-bill in said cause giving the numbers of the original suit in which such cross-bill is filed is a sufficient entry of an appearance in the original suit to bind the party whether he was formally made a party to the original bill or not.

2. DESCRIPTION—*What is Sufficient.*—A description is sufficient if there is enough in it to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty.

3. MECHANIC'S LIEN—*Right of Sub-contractor Not Dependent on Architect's Certificate.*—The right of a sub-contractor to have a lien is not dependent upon the right of the original contractor to have an architect's certificate.

**Petition,** for mechanic's lien. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

WILBUR & HAUZE, attorneys for appellant.

WARWICK A. SHAW, C. E. CRUIKSHANK, FRED H. ATTWOOD and PEASE & McEWEN, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

One Peter J. Bernhard, as owner of certain premises, entered into a contract with one A. Grosvenor, whereby Grosvenor agreed to furnish all the material and do all the work in the erection and construction of a store and apartment building and a barn, for Bernhard, upon said premises, for the sum of $8,100.

There is no controversy but that the job was entirely completed within the time specified by the contract, and that only $750 was ever paid on account of it by Bernhard to Grosvenor, or to anybody else.

Numerous persons, firms and corporations, who, either as original petitioners, defendants, intervening petitioners or

cross-complainants, are seeking to assert mechanic's liens, furnished material and performed work on the job under sub-contracts with Grosvenor, and the only controversies disclosed by the record are between such sub-contractors and the appellant, who acquired title to the premises *pendente lite*, by quit-claim deed from Bernhard for the expressed consideration of $50.

The original petition was filed by Gumm and Hall, sub-contractors, under Grosvenor, for the mason work, and Bernhard, the owner, and various other sub-contractors, under Grosvenor, were made parties defendant, but Grosvenor was not.

Hanson, one of the defendants, filed a cross-petition for a lien for doing the lathing and plastering under a sub-contract with Grosvenor, and, among others, made Grosvenor a party defendant. The John F. Alles Plumbing Company obtained leave to come into the cause, and filed its intervening petition, wherein Grosvenor was made defendant with others. Others, parties defendant to the original petition, either answered claiming liens, or were defaulted.

The appellant was not made a party defendant to either bill or cross-bill, but he became a party upon his own motion, and is making the only defense that is interposed to the liens allowed by the master and decreed by the court.

The master found in favor of the several claimants for liens, and the court decreed to them liens aggregating, with interest, about the sum of sixty-nine hundred dollars, which is less than the value of the premises, and ordered a sale of the premises to satisfy the liens in case of default in the payment thereof by a day fixed by the decree.

From such decree this appeal is prosecuted.

The assigned errors are numerous, but resolve themselves principally into technical objections, of which we will notice those that are argued.

It is said that because Grosvenor, the original contractor, was not made a party to the original petition filed by the appellees Grosvenor and Hall, the decree can not stand. The record shows that a default was taken against him in the original suit, on November 23, 1895.

On June 18, 1895, his general appearance was entered, as follows:

"State of Illinois, )
  County of Cook,   } ss.

· In the Circuit Court of Cook County, June term, 1895.

OLE HANSON            )
         v.           }  Number 141,585
ALBERT GROSVENOR ET AL. )      7,478

And now comes Albert Grosvenor, one of the defendants to the cross-bill in the above entitled cause, by Wilbur & Hauze, his solicitors, and enters his appearance in the above entitled cause.

WILBUR & HAUZE,
Sol'rs for A. Grosvenor."

While such appearance is entitled by name as of the cross-petition by Hanson, the numbers given are the numbers of the original suit in which such cross-petition was filed, and the appearance is express as being in the cause.

The decree itself finds that both the cross-petition of Hanson and the intervening petition of the Alles Plumbing Company were theretofore taken as confessed by Grosvenor. We might, in passing, say that in the matter of making orders in the cause the record shows great inefficiency or negligence, either in the clerk of the court or the attorneys in the cause, or both.

But waiving such matters, we regard the appearance we have quoted as being sufficient to bind Grosvenor, whether he were formally made a party to the original bill or not. He was certainly made defendant to the cross-petition of Hanson, and served with summons and properly defaulted as to that. He was also made a party defendant to the intervening petition of the Alles Plumbing Company, and although we can not find that he was ever served with summons issued upon that petition, his general appearance in the cause was entered by the paper already quoted, after that intervening petition was filed and summons thereunder to him was issued, and we think was enough. It is clear that Grosvenor was before the court, and his interest in the

proceedings was fully disclosed, and the cause as made by any of the pleadings was before the court for its consideration. Much less formality is required in mechanic's lien proceedings than in ordinary proceedings in chancery. Thielman v. Carr, 75 Ill. 385.

It might be added that it is entirely clear that Grosvenor had knowledge of all the claims that were involved in the proceedings, and has no desire to defeat them. He testified in behalf of several of the claimants, and makes no claim for any lien in favor of himself. It is plain that he would be estopped now from asserting any lien to himself as against the appellant, and there is no other person who could complain, in any event, of any irregularity because he was not properly before the court.

As to all the contentions on account of the cross-bills, or answers that are said to be in effect cross-bills, we may dispose of them all by simply saying that although cross-bills were filed they were not necessary, and did neither good nor harm. All the relief that was or could have been given under the cross-bills was available under answers, and may be treated as having been so given. Fergus v. Chicago Sash and Door Co., 64 Ill. App. 364.

It is urged that because the claimants for liens described the premises as "lot 17, block 3, in Wright & Webster's Subdivision, * * * otherwise known as No. 1097 W. Chicago avenue," whereas the proper description was, as proved, "lot 17 in the resubdivision of block 3," etc., therefore the petitions are not sustained by the evidence.

"A description is sufficient, if there is enough in it to enable a party familiar with the locality to identify the premises intended to be described, with reasonable certainty." Springer v. Kroeschell, 161 Ill. 358; Rockwell v. O'Brien-Green Co., 62 Ill. App. 293.

If there were any difficulty in distinguishing between "lot 17, block 3," and "lot 17 in the resubdivision of block 3," the street number "1097 W. Chicago avenue" would indicate with sufficient certainty the location of the property.

Another objection that is insisted upon, is the lack of an architect's certificate.

The right of a sub-contractor to have a lien is not dependent upon the right of the original contractor to have one.   Doyle v. Munster, 27 Ill. App. 130; Brin v. Lorimer, 62 Ill. App. 657.

The decree was equitably such as should have been rendered, and should not be disturbed because of what are, at most, mere technicalities.

It will, therefore, be affirmed.