### .Hannah Mabel Dearlove v. William E. Hatterman.

1. PARTIES—*Trustees in Foreclosure Proceedings.*—Where the complainant in a foreclosure proceeding is the holder and owner of the note secured, and is the same person named as trustee in the trust deed, and is known to the defendant as such, it is not necessary that he should be joined in the suit as trustee, also.

Foreclosure.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

Statement.—This was a bill filed in the Circuit Court of Cook County by William E. Hatterman, appellee, to foreclose a trust deed conveying to William E. Hatterman, trustee, Lot 15, in Block 13, in Elston addition to Chicago, because of the failure of appellant, Hannah Mabel Dearlove, to pay interest coupon note No. 1, due April 18, 1900, for the sum of $97.50.

The bill of complaint alleges that said trust deed was executed to secure the payment of a principal note for $3,250 and interest; that the interest was evidenced by ten

coupon notes for $97.50 each, due one every six months; that grantor was to keep the premises insured, pay the taxes, and in case of foreclosure to pay solicitor's fees of $300.

Appellee filed a general demurrer to the bill of complaint, and urged that the trustee named in the trust deed and the legal owners of the principal note and the remaining interest coupons should be made parties to the suit. The demurrer was overruled.

Appellant contends:

"1.    The trustee is a necessary party to the bill.

2.    That the holders of the principal note and the remaining interest coupon notes should be made parties.

3.    That the master based his report upon depositions which had not been signed by the witnesses, and that no stipulation had been made waiving the signatures.

4.    That the decree of the court is based upon the finding of a master who reports no evidence.

5.    That the decree of the court directing a sale of the property, subject to a lien of the trust deed, for the debt secured by it, in addition to the amount due complainant, is erroneous.

6.    That the amount allowed for insurance ($84) is excessive.

7.    That the amount allowed for solicitors' fees ($100) is unreasonable and excessive.

It is respectfully submitted that the decree of the Circuit Court should be reversed."

Signature of solicitor for appellant.

WILLIAM C. PARKER, attorney for appellant.

ROBERT ZALESKI, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The preceding statement of the case comprises everything the appellant has seen fit to file in this court, either in argument or by way of suggestion, in support of her several contentions.

We will notice only the first one, on the presumption we are at liberty to entertain in such a case, that conten-

tions not worthy of support by counsel are not worthy of consideration by us.

The first of appellant's contentions is that the trustee named in the trust deed was a necessary party to the bill. He was party complainant to the bill, though not named as trustee. It was alleged in the bill that the trust deed was made to William E. Hatterman. And it was known to the appellant that the complainant was the same person as the trustee. In one of the objections filed by appellant to the master's report, one of the reasons given in support of the objection is, " Because the complainant herein is the same person as the trustee in the trust deed."

It was expressly proved that the complainant and the trustee were one and the same person. When it is expressly made to appear that the complainant, as holder and owner of the note secured by the trust deed, is one and the same person as the trustee named in the trust deed which is sought to be foreclosed, and is known by the defendant to be such, we do not think he need be joined in the suit as trustee also. Foster v. Latham, 21 Ill. App. 165; Longwith v. Butler, 3 Gil. 38; Darst v. Bates, 95 Ill. 513.

The decree is affirmed.