## Schaller-Hoerr Company et al., Appellants, v. Michelo Gentile et al., Appellees.

### Gen. No. 14,965.

1. LIENS—*what does not affect subcontractor's right.* If the original contract was made after the Mechanic's Lien Act of 1903 went into effect, a subcontractor is not deprived of his right to a lien because of the waiver by contract by the original contractor of all of his rights to a lien.

2. LIENS—*what essential to establish subcontractor's.* In order for a subcontractor to obtain a lien he must assume and carry the burden of establishing that he has fulfilled all the requirements of the statute conferring upon him such right of lien.

3. LIENS—*what does not revive right to.* Held, that the putting up of a wire screen, without the request or knowledge of the owner, after the subcontractor's contract had been substantially finished, after final payment had been demanded and treated as due by him, does not operate to revive a lien the right to which had previously expired.

4. APPELLATE COURT—*what questions without jurisdiction of.* It is not within the jurisdiction of the Appellate Court to determine the question of the validity of an act of the legislature.

Mechanic's lien. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 31, 1910.

WALTER J. MILLER, for appellants.

ROCCO DESTEFANO, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Schaller-Hoerr Company filed a petition seeking a mechanic's lien upon property therein described owned by the defendants, claiming to have furnished material used in the construction of a building upon said premises. The building was erected under a written contract by one John T. Vitullo. The appellant, Frank Scaar & Company, answered the original petition and by an intervening petition prayed for a lien in its own behalf for materials by it furnished and used in the erection of the building.

The original contract made by defendant, Michelo Gentile, owner of the premises, with John T. Vitullo, the contractor, is dated July 8, 1905. By its terms Vitullo agreed to furnish all necessary materials and to erect the building in accordance with "the draft, plans, explanations and specifications" annexed to the contract. The original price was fixed at $2,500, the last payment to be made "upon completion of work and the owner to be well satisfied that the building is free from any lien or any other unpaid bills and that the building is erected according to the plans" attached. The agreement was subsequently modified and the plans changed to include additional improvements. In his answer the contractor, Vitullo, alleges the amount due for the erection of the building to have been $5,277, of which he was paid $4,014.56; that other sums to the amount of $619.50 were paid by said owner to subcontractors and that $644.06 is still due the original contractor.

It is urged in behalf of defendants that the rights of the subcontractors, complainants herein, were affected by the terms of the original contracts of which they are presumed to have had notice, which contracts it is claimed contained an agreement by the original contractor to the effect that the building was to be free from any lien. It is contended by complainants however that the right of a subcontractor to a lien "is not dependent upon the right of the original contractor to have one," citing Wood v. Gumm, 67 Ill. App. 518-522. The contracts in this case, original and modified, were made after the Mechanic's Lien Law of 1903 was in force. By section 35 (21) of that law (R. S. Chap. 82), it is provided that every subcontractor shall have a lien for material or labor furnished for the contractor on the moneys or other consideration due or to become due from the owner under the original contract, "whether or not the original contractor could have obtained a lien or was by contract or conduct divested or deprived of a right to obtain a lien." If this provision as it now stands is valid, a subcontrac-

tor may not now be deprived of a lien by reason of provisions of the original contract between the owner and the principal contractor. Section 22 of the Mechanic's Lien Law of 1895 did not contain the same provision. R. S. 1899, chap. 82, sec. 36 (22). In Keeley Brewing Co. v. Decorating Co., 194 Ill. 580-593, it was said that "the lien of the subcontractor being a direct lien, its existence does not depend upon the existence or non-existence of a contractor's lien." In that respect however that case has been overruled in Von Platen v. Winterbotham, 203 Ill. 198-203. The case of Brown Const. Co. v. Cent. Ill. Const. Co., 234 Ill. 397-401, was "brought under the Act in reference to liens upon railroads," not now in question. But the construction there given (p. 402) of Von Platen v. Winterbotham is "that the right of the subcontractor to enforce a lien is barred whenever the contract entered into by the owner contains an agreement that there shall be no lien." In the Von Platen case it was said: "It is not to be presumed that the legislature intended to restrict or abridge the right of contract which the owner has, and to give a lien to a subcontractor, where the terms of the only contract to which the owner is a party are such that no lien can arise or in spite of an agreement that there shall be no lien." The contract in that case was under the lien law of 1895. Since that decision the Mechanic's Lien Law of 1903 has been enacted and in it the provision hereinabove quoted has been inserted, seeming to indicate that the legislature did intend thereby "to restrict or abridge the right of contract" in that respect, without regard to whether such attempted abridgement shall ultimately be deemed constitutional or not. Its constitutionality however is not for this court to consider. It is our duty to follow the statute while it remains in force, and under it the subcontractor is given a lien "whether or not the original contractor could have obtained a lien or was by contract or conduct divested or deprived of a right to obtain a lien."

It is contended in behalf of petitioner, Schaller-

Schaller-Hoerr Co. v. Gentile, 153 Ill. App. 458.

Hoerr Company, that the only question as to its right to a lien is, was the notice served upon defendant within the sixty days allowed by the statute. There is evidence tending to show that said petitioner's last delivery of material for the building in controversy was upon November 15, 1905. If such is the fact, then the notice served upon the owner January 13, 1906, was within sixty days thereafter. The master however found that the petitioner's claim in this respect is not sustained by the evidence. The remedy sought by appellant is purely statutory and the burden is on the petitioner ''to prove on the hearing that he had complied with the statutory conditions precedent to his right to enforce the lien.'' Crandall v. Lyon, 188 Ill. 86-91. The master finds that the materials claimed to have been delivered November 15th were in fact put into the building at least five days before that date. There is evidence which justifies the master's conclusion and the court's decree. In any event a careful scrutiny of the evidence makes it clear that petitioner has failed to make satisfactory proof, the burden of which was his, that the final delivery in question was made upon the date claimed and not prior thereto; has failed therefore to prove compliance on his part with the statutory requirement as to the sixty days' notice, without which proof he is not entitled to the lien as claimed.

As to the contention of Frank Scaar & Company, it seems to be conceded that said company completed the delivery of all materials furnished by it for the building in question on or before December 1, 1905, except a wire window guard, which it appears was sent over and put on the building March 6, 1906. The intervening petition of the Frank Scaar Company for a lien was filed April 17, 1906. Section 33 of the Mechanic's Lien Act requires a petition to be filed or suit to be commenced to enforce a lien created by sections 21 and 22 of the Act within four months after final payment is due the subcontractor. Unless this

is done no such lien can be enforced. It appears that demand for final payment of the Frank Scaar Company claim was made about December 1, 1905, more than four months before the intervening petition of April 17, 1906, was filed. It appears from the testimony of the Scaar Company's president that on March 6, 1906, he sent over a wire window guard which he says had been forgotten or overlooked, and had it put in place over a window. His attention he says had been called to the omission several days before when passing the building, and this, he says, "caused me to examine my contract and I thought if legal steps were necessary in the case that I had better finish the contract before beginning same." No one requested him to send over the wire guard and apparently the owner of the building had no notice that it was to be done. It was not delivered to any one, merely put up without the owner's permission or knowledge. Evidently it was placed on the building in contemplation of this proceeding to enforce a lien. The company's president in substance so testifies. Unless something of that kind could be found to revive it, the lien was lost at the time the wire guard was sent over. The work of putting it up, according to the witness who did the work, "consisted of driving staples in the window." There was absolutely no proof of acceptance by any one. We are of opinion that putting up this wire screen or guard after the contract had been substantially finished, after final payment had been demanded and treated as due by the petitioner, should not be deemed effectual to revive a lien the right to which had previously expired.

The decree of the Circuit Court will be affirmed.

*Affirmed.*