Erich E. Pacyna et al., Appellees, v. Isadore J. Bliss et al., Appellants.

Gen. No. 18,395.

1. MORTGAGES—*appeals and errors.* On appeal from a decree foreclosing a trust deed securing notes, defendant having made no objections and taken no exceptions to the master's report cannot raise the question that there is no allegation in the bill that the notes were reduced to judgment, since the master found they were reduced to judgment.

2. APPEALS AND ERRORS—*when. conclusions of fact in master's report cannot be questioned.* Where appellant makes no objections

to the master's report and takes no exceptions, he cannot question the conclusions of fact which the master reports.

3. APPEALS AND ERRORS—*sufficiency of proof to sustain decree pro confesso.* The sufficiency of the proof to sustain a decree *pro confesso* against a party in default cannot be questioned by him on appeal.

4. MORTGAGES—*when question as to amount of judgment cannot be raised on appeal.* On appeal from a decree foreclosing a trust deed securing notes, defendants having suffered a default are not in a position to question the amount of the judgment entered upon the notes, or the attorney's fees included in the judgment.

5. MECHANICS' LIENS—*failure to file objections to master's report.* On appeal from a decree finding complainant entitled to a mechanic's lien, defendant by not filing objections or exceptions to the master's report will be held to have waived all objections to the claim.

6. MORTGAGES—*where mechanic's lien claimant files pleading in nature of intervening petition.* In a foreclosure case, a pleading filed by a mechanic's lien claimant termed "an answer in the nature of an intervening petition for a mechanic's lien" is sufficient and a cross-bill or cross-petition is not necessary.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 9, 1913. Rehearing denied May 27, 1913.

SONNENSCHEIN, BERKSON & FISHELL, for appellants.

BENJAMIN F. J. ODELL, for appellees.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This appeal is from a decree entered by the Circuit Court of Cook county in a foreclosure case involving the foreclosure of a trust deed securing notes held by Erich E. Pacyna, executed by Isadore J. Bliss and Rose Bliss to the order of themselves, and by them endorsed. Appellee, the I. Lurya Lumber Company, is a lien claimant and filed an answer to the bill in the nature of an intervening petition, setting up the facts and asking for a decree establishing a lien for lumber furnished in improving the premises involved. The

court entered a decree finding that appellee Pacyna was entitled to $3,972.91 and the Lumber Company to $417.21, for which amounts liens were decreed against the premises in question. The decree also provides for the sale of the premises and for execution in case of deficiency.

The appellants were duly served with process in the cause but filed no answers and were defaulted. The cause was referred to a master in chancery to take proofs and report, and the master, having taken the proofs, reported his conclusions together with the evidence. No objections of any kind were made by any of the defendants to the report of the master, and the decree confirms the master's report.

It is urged as a ground of reversal that there is no allegation in the bill that the notes described by the trust deed, numbered 4 to 8 inclusive, were reduced to a judgment and that expenses were occasioned thereby. These notes were for $150 each and aggregated $750, and bore interest at the rate of six per cent. per annum. Appellants having made no objections to the master's report and consequently no exceptions, cannot question the conclusions of fact which the master reported. *Moore v. Titman,* 33 Ill. 358; *Fergus v. Chicago Sash & Door Co.,* 64 Ill. App. 364. The notes numbered 4 to 8, which the master found were reduced to judgment in the Municipal Court, were described in the bill of complaint and copies thereof were attached as exhibits, so that it appears on the face of the bill that the foreclosure was sought for the indebtedness represented by these notes, and that when the appellants suffered default and made no objections to the master's report and took no exceptions thereto, they waived all rights, if any, based on the facts set up in the bill and found by the master's report. *Hess v. Peck,* 111 Ill. App. 111.

The sufficiency of the proof to sustain a decree *pro confesso* against a party in default cannot be questioned by him on appeal. *Glos v. Swigart,* 156 Ill. 229.

Appellants are not in a position on this appeal to raise any point as to the amount of the judgment entered upon the notes last mentioned, or whether or not attorneys' fees were included in the judgment.

Appellants urge that the decree, with reference to the Lumber Company, should be reversed because, first, the claim is founded upon a contract made with Hannok & Stone, who were the general contractors, and appellant, Isadore J. Bliss; second, that the court erred in providing for a deficiency decree as against Rose Bliss; third, that the pleading filed by the Lumber Company, termed ''an answer in the nature of an intervening petition for a mechanic's lien,'' is insufficient to predicate a lien thereon; and, fourth, that the statement of claim filed with the clerk of the Circuit Court is insufficient because it fails to correctly set forth the contract, and there is, therefore, a variance between the pleadings, statement of claim for lien and the proof.

As to the first ground, the evidence shows that Hannok & Stone were the general contractors, and that the Lumber Company furnished material for the building under a verbal contract with Hannok & Stone, whereby the Lumber Company was to furnish lumber for the building, and Hannok & Stone agreed to pay the Lumber Company the fair and reasonable market value thereof. The evidence shows that the Lumber Company then proceeded to furnish the lumber to be used in the building, and that subsequently, when a part of the lumber had been furnished, appellant, Isadore J. Bliss, entered into a written agreement with Hannok & Stone by which he agreed to pay the Lumber Company for all the lumber then delivered by it to said premises, and for all lumber to be thereafter delivered. In our opinion, the objection made to the claim of the Lumber Company and the proof thereof was waived by the appellants by not filing objections or exceptions to the master's report.

As to the second ground urged against the Lumber Company, namely, that the court erred in providing

for a deficiency decree as against Rose Bliss, it is sufficient to say that Rose Bliss has assigned no errors upon this record.

There is no substance to the third ground urged by appellants against the decree in favor of the Lumber Company. The answer and intervening petition of that company were sufficient pleadings on which to predicate the decree in its favor.

As to the fourth ground above stated, urged to the claim of the Lumber Company, the master found from the evidence the amount due the Lumber Company, and all objections to the finding of fact by the master were waived by appellants as above indicated. There is no variance between the pleadings, statement of claim for a lien and the proof offered in the case before the master which appellants can avail themselves of upon this record. The Lumber Company was entitled to a decree upon the proofs and pleadings filed No cross-bill or cross-petition was necessary. *Thielman v. Carr*, 75 Ill. 385.

The decree of the Circuit Court is affirmed.

*Affirmed.*