## John E. Long, Defendant in Error, v. John E. Coffman, Plaintiff in Error.

### Gen. No. 7,262.

1. FORECLOSURE OF MORTGAGES—*when defaulting defendant in court as both individual and trustee.* A bill to foreclose a first and a third mortgage is not demurrable for failure to make the holder of a second mortgage a party defendant as trustee under the third mortgage, where he is made defendant individually as holder of the note secured by the second mortgage and was served with process and defaulted, and the bill alleges that he is trustee under the third mortgage.

2. FORECLOSURE OF MORTGAGES—*allegation of separate assignment of note and mortgage sufficient.* A bill by an assignee to foreclose the assigned note and mortgage is sufficient as against special demurrer where it is alleged that on a certain date the original mortgagee assigned the note and mortgage to the plaintiff, although it is not alleged that the note was assigned by indorsement and the separate written assignment is not set out in full.

3. FORECLOSURE OF MORTGAGES—*allowance of credits on foreclosure.* A mortgagor is not shown to have been entitled to credit for a note and mortgage from a third person to him and by him turned over to his mortgagee, where the evidence shows that such mortgage was subsequently sold and the proceeds therefrom divided between the parties, the amount received by the mortgagee having been received by him to reimburse him for payments made by him on account of the mortgagor's indebtedness to other persons.

4. FORECLOSURE OF MORTGAGES—*when credits properly disallowed.* Claims by a mortgagor to credits on foreclosure of mortgages held by a creditor with whom the mortgagor is shown to have had many business relations and settlements of other indebtedness, were properly disallowed where the evidence in support of such claims is vague and uncertain and the claims were never made until the commencement of the foreclosure proceedings although they cover several years' dealings between the parties.

5. APPEAL AND ERROR—*when sufficiency of evidence not reviewable on error from decree pro confesso.* On error from a decree of foreclosure entered *pro confesso,* the mortgagor, who was allowed to offer evidence as to alleged credits due him, notwithstanding he had defaulted, cannot question the sufficiency of the evidence to sustain the bill for foreclosure, as to such credits.

6. FORECLOSURE OF MORTGAGES—*allowance for solicitor's fees.* On foreclosure of two mortgages, it was not necessary for complainant

to show, either that he had no contract with his solicitor as to fees and then make proof as to the usual and customary fee or for the court to determine, in case there was a contract, whether the fee was the usual and customary one, and an allowance of the usual, reasonable and customary fee was proper.

Error by defendant to the Circuit Court of Ogle county; the Hon. F. J. STRANSKY, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed January 7, 1924.

ROY F. HALL, for plaintiff in error.

W. J. EMERSON, for defendant in error.

MR. JUSTICE JETT delivered the opinion of the court.

The defendant in error filed a bill to the January term, 1923, of the circuit court of Ogle county to foreclose two certain mortgages. A decree of foreclosure was rendered against the plaintiff in error for $24,-519.20, to review which this writ of error is prosecuted.

Plaintiff in error on February 24, 1912, gave to the John Hancock Mutual Life Insurance Company a mortgage on 160 acres of land in Ogle county to secure the payment of a promissory note for $10,000 due five years after date, the payment of which was afterwards extended for five years. The note and mortgage were assigned to the defendant in error previous to the time the bill to foreclose was filed.

Plaintiff in error on March 11, 1912, made a trust deed to Colin L. Robertson on the same 160 acres of land described in the mortgage of February 24, 1912, to secure the payment of a note for $1,000 due two years after date with interest at five and one-half per cent per annum and providing for interest at six per cent after maturity. This note was owned by one Harry Typer, who is a defendant herein, and was subject to the John Hancock mortgage. Plaintiff in error also on February 14, 1913, made a trust deed on this 160 acres of land together with another 80-acre tract to the said Harry Typer, to secure the payment

of a note for $7,000, which he owed to defendant in error, due in five years after date, with interest at seven per cent per annum, evidenced by interest notes for $490 each covering the five years' interest. This $7,000 note from the time of its execution was owned by defendant in error. The only interest ever paid by plaintiff in error on this note was that which became due February 14, 1915. Other interest notes were given by plaintiff in error to defendant in error as the interest became due after the maturity of the principal note, none of which was ever paid. The said trust deed for $7,000 was subject to the John Hancock mortgage and the $1,000 trust deed.

The bill filed was to foreclose the first and third mortgages on the 160 acres of land, said mortgages being the ones given to secure the $10,000 and the $7,000 notes, respectively. Robertson, the trustee, named in the second mortgage and Harry Typer, the owner of the note described therein, were made parties defendant.

There are three reasons urged for reversal: The first is the chancellor erred in not sustaining the demurrer to the amended bill. The second is that the plaintiff in error did not receive credit for various amounts which he insists should have been allowed and the third is that the chancellor improperly allowed a $600 solicitor's fee on the John Hancock mortgage.

At the term to which this proceeding was brought, the January term, 1923, plaintiff in error filed a demurrer general and special to the amended bill of complaint, which after argument was overruled by the court and plaintiff in error was ruled to answer in thirty days. At the following April term of court, plaintiff in error having failed to answer was defaulted, together with all the other defendants, and the amended bill of complaint was taken for confessed as against all defendants in said cause. The hearing on the amended bill was had in open court and plaintiff in error was permitted to offer testimony concern-

ing some alleged credits which he claimed although he had been defaulted.

The court held plaintiff in error was not entitled to any credits as claimed by him and entered a decree which found that there was due on the John Hancock mortgage the sum of $11,559.63; there was due on said $1,000 trust deed and note held by the defendant, Harry Typer, $1,000 with interest from March 11, 1913 to March 11, 1914, at five and one-half per cent and from March 11, 1914, to the date when said note should be paid, at six per cent; that there was due on the $7,000 trust deed and note, $12,959.60; and decreed that said amounts should be paid out of the proceeds of sale in the order above named.

No defense is urged in this proceeding by plaintiff in error except as against the first and third mortgages owned by defendant in error. It is first insisted by plaintiff in error that the court erred in overruling his demurrer to the amended bill of complaint. The special causes assigned by plaintiff in error in his demurrer are, first, that Harry Typer, as trustee, was not made a party to the bill; second, that there was no assignment of the note and mortgage of the John Hancock Company pleaded, and the note attached did not show it to be assigned. The record discloses the fact that Typer was named as trustee in the trust deed for $7,000 and was also the owner of the note for $1,000, secured by the trust deed from plaintiff in error to the defendant Colin L. Robertson.

Typer is named as defendant in the bill and it is alleged that he is trustee in the $7,000 trust deed. Typer was served with process and was defaulted. He appeared as a witness for both plaintiff in error and defendant in error. It is admitted that Typer, who was named as trustee, is the same Typer who was defaulted. In view of the facts as herein disclosed, we are of the opinion, when Typer was brought into court by process, he was there for all purposes both as an individual and in his representative capacity.

In the case of *Chandler v. O'Neil*, 62 Ill. App. 418, Peyton R. Chandler and Frank R. Chandler, partners as Chandler and Company, filed a bill to foreclose a trust deed securing notes a part of which were owned by them. Frank R. Chandler was named as trustee in the trust deed but was not made a party to the bill as such trustee. A demurrer was filed on the ground that the trustee was not made a party. The court at page 420 said: "Frank R. Chandler is the trustee and he is a party to the bill. Being in court as a complainant, holding coupon notes and seeking to foreclose the trust deed given to secure the same, under the charge in the bill that he is the trustee named therein, he is also a party to the bill as such trustee."

In *Dearlove v. Hatterman*, 102 Ill. App. 329, at page 331, the court said: "It was expressly proved that the complainant and the trustee were one and the same person. When it is expressly made to appear that the complainant, as holder and owner of the note secured by the trust deed, is one and the same person as the trustee named in the trust deed which is sought to be foreclosed and is known by the defendant to be such, we do not think he need be joined in the suit as trustee also." To the same effect is *Harris v. Lester*, 80 Ill. 307-318.

As to the second special cause for demurrer, it is insisted there was no assignment of the note and mortgage of the John Hancock Company pleaded. The amended bill of complaint alleges that on the 13th day of December, 1922, for a good and valuable consideration, the said John Hancock Mutual Life Insurance Company assigned said note and mortgage to the defendant in error and he was the legal holder and owner of said note and mortgage. The record discloses the assignment of the note and mortgage was offered and admitted in evidence. It was not necessary for the purposes of this proceeding that the assignment be set out in full in the bill of complaint. Nor was it necessary that the note be assigned by indorsement there-

on. The transfer or assignment of a note and mortgage securing it, by a separate written instrument, will make the assignee the equitable owner of the note and mortgage and give him such an equitable interest respecting the mortgaged premises as to entitle him to have them sold in satisfaction of the note or debt. *Barrett v. Hinckley,* 124 Ill. 32.

We are therefore clearly of the opinion that the court properly overruled the demurrer of plaintiff in error.

It is urged by plaintiff in error that he should have had credit for a $2,000 note and mortgage on land which was given to him on March 1, 1911, by Russell Nichols and which he turned over to defendant in error. The contention of plaintiff in error with reference to the credits claimed by him and his evidence bearing upon the same is very indefinite and unsatisfactory. The evidence shows that from July, 1908 to March 11, 1911, Long, the defendant in error, was security on two notes aggregating $1,500 given by plaintiff in error to the Exchange National Bank of Polo; that on March 11, 1911, defendant in error paid these notes and interest thereon amounting to $1,509.75; about this time or shortly thereafter plaintiff in error turned the Nichols note and mortgage for $2,000 over to Long, defendant in error. A buyer was subsequently found for said note and mortgage and Long, defendant in error, received $1,500 out of the sale of the same and plaintiff in error received the balance, and the $1,500 received in this transaction by the defendant in error was to reimburse him for the payment by him of the two notes on which he was security for plaintiff in error.

Relative to the other $2,000 credit claimed by plaintiff in error, we have examined the record minutely and after a careful consideration of the evidence bearing upon that item we are of the opinion that the testimony was sufficient to justify the court in refusing to allow the credit of $2,000 as claimed.

Plaintiff in error also claims that he is entitled to a credit of an indefinite sum of money for the services of certain bulls, covering a period of years from the year 1909 to the year 1922. The evidence shows the plaintiff in error sold some heifers to the defendant in error and told him he would furnish him a bull for them and that each year defendant in error had the use of a bull out of plaintiff in error's herd. Defendant in error testified plaintiff in error never asked anything for the use of the bulls and that he never promised to pay anything for them. The evidence does not show that the plaintiff in error ever expected any pay for the use of these bulls and no claim was ever made for it by him until after the institution of this foreclosure proceeding. Defendant in error does not admit he owes plaintiff in error anything for these services but that he is willing to allow plaintiff in error something for the use of the bulls but he wants it applied on a note for over $2,800 he holds of plaintiff in error secured by a fifth mortgage on the property involved herein but which mortgage is not being foreclosed in this proceeding. This testimony shows that there had been a great many settlements made from time to time between the parties to this suit.

These credits that are now claimed by plaintiff in error were never brought forward. The trial court saw and heard the witnesses and was able to judge of their credibility and of the weight to be given to their testimony. From an examination of the testimony bearing upon these alleged credits we are clearly of the opinion the court committed no error in refusing the same.

Moreover, plaintiff in error was permitted to offer evidence as to credits but having been defaulted and a decree entered *pro confesso*, he is not now in a position to question the sufficiency of the evidence of defendant in error to sustain his bill of complaint herein. *Monarch Brewing Co. v. Wolford*, 179 Ill. 252-255;

*Pacyna v. Bliss,* 180 Ill. App. 351; *Hannas v. Hannas,* 110 Ill. 53.

Plaintiff in error next contends that the court erred in allowing a solicitor's fee of $600. His contention is that it must either be shown by evidence that complainant had no contract with his solicitor as to fees and then make proof of the usual and customary fee or if the complainant had a contract the court should determine whether the fee contracted for was the usual and customary fee. We are unable to find any such rule of law as applied to foreclosure cases and no authority is cited by plaintiff in error to sustain his contention.

We have examined the testimony in the record and we find that the required proof was made and that defendant in error brought himself within the rule in proving that the fee allowed was the usual, reasonable and customary fee in such cases.

Some other reasons are argued briefly by plaintiff in error for a reversal. We have examined this record minutely and we are of the opinion that the decree of the circuit court of Ogle county should be affirmed, which is accordingly done.

*Decree affirmed.*